ROLAND ALFRED SOULARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Soulard v. Commissioner
Docket No. 5888-87
United States Tax Court
T.C. Memo 1989-608; 1989 Tax Ct. Memo LEXIS 608; 58 T.C.M. (CCH) 661; T.C.M. (RIA) 89608; November 8, 1989
*608 Held, P's deemed stipulations of fact under Rule 91(f)(3), Tax Court Rules of Practice and Procedure, are sufficient to satisfy R's burden of proving fraud within the meaning of section 6653(b), I.R.C. 1954. Roland Alfred Soulard, pro se. Henry E. *609 O'Neill, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Addition to Tax
Year
Deficiency
Sec. 6653(b)
1975
$  8,299
$  4,150
1976
11,231
5,616
1977
34,332
17,166
(Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) On April 11, 1988, respondent filed a motion for order to show cause why proposed facts and evidence should not be accepted as established pursuant to Rule 91(f). The Court issued an order dated April 18, 1988, directing petitioner to file any objection to respondent's motion by May 18, 1988. Petitioner did not file an objection. The Court issued an order to show cause dated May 24, 1988, directing petitioner to file a response and show cause by June 10, 1988, why respondent's motion should not be granted. Petitioner did not file a response. By order dated June 14, 1988, the Court's order to show cause was made absolute, *610 and the facts and evidence set forth in respondent's proposed stipulation of facts were deemed stipulated for purposes of this case under Rule 91(f)(3). [1]
At the call of this case for trial on June 20, 1988, no appearance was made by petitioner, and respondent orally moved to dismiss the case as to the underlying deficiencies for failure to properly prosecute under Rule 123. The Court granted respondent's motion. The sole issue remaining for decision is whether petitioner is liable for additions to tax within the meaning of section 6653(b). The relevant facts are as follows: At the time he filed his petition, petitioner resided in Naples, Florida. During the years in issue, petitioner was primarily engaged in the ice cream business in Hawaii. He was the sole distributor of franchises for *611 a national ice cream company, Mr. Softee, in Hawaii. Petitioner solicited buyers for Mr. Softee franchises, bought and sold trucks used by the franchises and operated ice cream trucks. During the years in issue, petitioner operated one or two trucks in the name of R.S.T., Inc. (RST), d/b/a Mr. Softee Hawaii, of which he was the president and controlling shareholder. Petitioner also operated one or two trucks as a sole proprietor. Petitioner's capital investment in RST was $ 1,000. Petitioner filed individual income tax returns for the years in issue. Petitioner reported total income of $ 6,667 on his 1975 individual income tax return. This amount was comprised of wages from RST of $ 3,000, wages from CWJ Refrigeration Specialists, Inc., of $ 3,500 and interest income of $ 167. Petitioner reported total income of $ 2,891 on his 1976 individual income tax return. This amount was comprised of wages from RST of $ 2,234, interest income of $ 601 and a state income tax refund of $ 56. Petitioner reported total income of $ 8,419 on his 1977 individual income tax return. This amount was comprised of wages from RST of $ 7,100, interest income of $ 1,299 and a state income tax refund *612 of $ 20. Petitioner also filed corporate income tax returns for RST for the years in issue. RST's corporate income tax returns reflected gross sales in the amounts of $ 25,729, $ 31,409 and $ 35,879 for 1975, 1976 and 1977, respectively. For the years in issue, RST's corporate and petitioner's individual income tax returns were prepared by H & R Block, Inc. on the basis of records maintained and supplied by petitioner. During the years in issue, petitioner maintained two sets of books for RST. Petitioner's purpose in maintaining two sets of books was to have one set of books for tax purposes which understated RST's actual earnings and a second set which showed RST's actual earnings. RST's gross sales in 1977 were at least $ 117,676.61. Petitioner reported $ 35,879 of this amount on RST's 1977 corporate income tax return. During the years in issue, petitioner's sales personnel were paid commissions in cash which were based on a certain percentage of their total sales. Petitioner made these payments in cash to facilitate underreporting of the actual amounts of RST's income. On March 19, 1982, petitioner was indicted on six counts of violating section 7206(1) with respect *613 to his individual and RST's corporate income tax returns for the years in issue. [2] Following a jury trial, petitioner was convicted on all counts and his conviction was affirmed on appeal. See United States v. Soulard, 730 F.2d 1292 (9th Cir. 1984). Petitioner underreported his taxable income on his individual income tax returns for 1975, 1976 and 1977 in the amounts of $ 25,559, $ 34,669 and $ 68,579, respectively. These underreported amounts were comprised in part of constructive dividends petitioner received from RST in the amounts of $ 23,844, $ 34,482 and $ 61,590 for 1975, 1976 and 1977, respectively. Petitioner failed to report these constructive dividends fraudulently and with the intent to evade income taxes. For the years in issue, *614 section 6653(b) provides in pertinent part as follows: (b) FRAUD. -- If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Professional Services v. Commissioner, 79 T.C. 888, 930 (1982). The burden of proof is on respondent to show by clear and convincing evidence that some portion of an understatement of income for a given year was due to fraud with intent to evade tax. Section 7454(a); Rule 142(b). Respondent must establish that petitioner has underpaid his taxes for each year and that some part of the underpayment is due to fraud. Hebrank v. Commissioner, 81 T.C. 640, 642 (1983). Preliminarily we note that petitioner's criminal conviction under section 7206(1) does not collaterally estop him from denying that any part of each underpayment for the respective years in issue was due to fraud within the meaning of section 6653(b). Wright v. Commissioner, 84 T.C. 636 (1985). However, for each of the years in *615 issue petitioner is deemed to have stipulated facts which overwhelmingly establish substantial, intentional omissions of income. Smith v. Commissioner, 91 T.C. 1049, 1055 (1988). These uncontested facts are replete with the requisite indicia of fraud. Marshall v. Commissioner, 85 T.C. 267 (1985); Doncaster v. Commissioner, 77 T.C. 334 (1981). Petitioner maintained two sets of books and paid RST's sales personnel in cash to facilitate his consistent underreporting of RST's and his taxable income. The omissions of taxable income from RST's corporate and petitioner's individual income tax returns resulted in substantial underpayments of tax for each of the years in issue. We find that the facts deemed stipulated under Rule 91(f)(3) are sufficient to satisfy respondent's burden of proving that some portion of the understatement of income for each of the years in issue was due to fraud with intent to evade tax. Marshall v. Commissioner, supra.
Section 6501(c)(1) provides that in case of a false or fraudulent return with the intent to evade tax, the tax may be assessed at any time. Accordingly, in the case of *616 fraud, the three-year period of limitations on assessment and collection of tax provided in section 6501(a) is not applicable. Respondent has proven fraud for each of the years in question, and petitioner has not challenged the amount of the deficiencies as determined by respondent. Accordingly, a decision will be entered as to the deficiencies in and additions to tax as determined by respondent. To reflect the foregoing, An appropriate order and decision will be entered for the respondent. Footnotes
1. Rule 91(f)(3) states: (3) Failure of Response: If no response is filed within the period specified with respect to any matter or portion thereof, or if the response is evasive or not fairly directed to the proposed stipulation or portion thereof, that matter or portion thereof will be deemed stipulated for purposes of the pending case, and an order will be entered accordingly.↩
2. Section 7206 provides in relevant part: Any person who -- (1) DECLARATION UNDER PENALTIES OF PERJURY. -- Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; * * * * * * shall be guilty of a felony * * *.↩