CHARLES C. AND IRMA F. FIFER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fifer v. Commissioner
Docket No. 11706-91
United States Tax Court
T.C. Memo 1993-44; 1993 Tax Ct. Memo LEXIS 43; 65 T.C.M. (CCH) 1865; February 2, 1993, Filed *43 An appropriate order will be issued, and decision will be entered under Rule 155. For Respondent: James F. Prothro. BEGHE
BEGHE
MEMORANDUM OPINION BEGHE, Judge: This case is before us on respondent's motion to dismiss for failure properly to prosecute under Rules 123(b) and 149(a). [1] Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6661 [2] *44 1981
$ 10,437
$ 5,219
--- 1982
8,785
[3] 4,393
$ 2,196
1983
2,346
[4] 1,173
--- Petitioners' deficiencies in income tax and their liability for additions to tax for fraud and substantial understatement of tax under sections 6653(b) and 6661, as determined by respondent, are attributable to their failure to report, on their 1981-83 Federal income tax returns, income earned by Mrs. Fifer as a private duty nurse's aide. Although respondent also determined that Mrs. Fifer was an independent contractor during the years at issue and that the income she earned as a private duty nurse's aide was therefore subject to self-employment tax, respondent has conceded that Mrs. Fifer was not working as an independent contractor during the years at issue. Petitioners resided in Terrell, Texas, when they filed the petition in this case. On November 27, 1991, we sent the parties a notice setting petitioners' case for trial at our Dallas, Texas, trial session beginning April 27, 1992. Our notice also informed the parties that their failure *45 to appear at trial could "RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." On February 18, 1992, respondent filed with this Court a request for admissions under Rule 90 that respondent had served on petitioners on February 12, 1992. The pertinent requested admissions were: 2. Admit that during each of the taxable years 1981, 1982, and 1983, petitioner Irma F. Fifer was * * * employed as a private duty nurse's aide for Mrs. W.H. Hall. 3. Admit that during each of the taxable years 1981, 1982, and 1983, petitioners omitted from the petitioners' joint federal income tax returns 100% of the income earned by petitioner Irma F. Fifer from * * * employment as a nurse's aide. 4. Admit that during the taxable years 1981, 1982, and 1983, petitioner Irma F. Fifer earned, respectively, gross receipts of $ 24,074.53, $ 24,316.87, and $ 10,352.90 from * * * employment as a nurse's aide * * *, which amounts were not reported on the petitioners' joint federal income tax returns for said years. 5 Admit that attached hereto as Exhibit D are true copies of twenty-nine (29) checks paid to Irma F. Fifer by Mrs. W.H. Hall for private duty nursing aide care during the tax years *46 at issue in this case. 6. Admit that the petitioners, prior to their being contacted by respondent's examining agent, never made any inquiry of Irma F. Fifer's payor in an effort to determine how much money she was paid by Mrs. W.H. Hall during each of the years 1981, 1982, and 1983. 7. Admit that, during the taxable years at issue in this case, petitioner Irma F. Fifer maintained a checking and savings account for her own use at the First Bank of Balch Springs, Texas, and that she wrote approximately twenty-five (25) checks each month during 1981, 1982, and 1983. 8. Admit that petitioners failed to produce records or other information to show * * * [Irma F. Fifer's] income [from employment as a private duty nurse's aide] to respondent's examining agents in connection with the examination by respondent of their income tax returns for 1981, 1982, and 1983. 9. Admit that during the tax years at issue in this case, petitioner Irma F. Fifer was reimbursed by Mrs. W.H. Hall for the full amount of the cost of all food, medicine, and supplies which she purchased for Mrs. W.H. Hall. 10. Admit that petitioners incorrectly stated on their joint income tax returns for the taxable years *47 1981 and 1982, that Irma F. Fifer's occupation was "housewife." 11. Admit that during taxable years 1981 and 1982, Irma F. Fifer's occupation was that of "private duty nurse's aide." 12. Admit that petitioners knew during the taxable years at issue in this case that they would owe more federal income tax if Irma F. Fifer's income earned from * * * employment as a private duty nurse's aide were included on their federal income tax returns for the taxable years 1981, 1982, and 1983. 13. Admit that Charles C. Fifer prepared each of the petitioners' tax returns for the taxable years 1981, 1982, and 1983. 14. Admit that the petitioners knew during the taxable years at issue in this case that it was their responsibility to report on their federal income tax returns all of their income earned in each of the taxable years 1981, 1982, and 1983. 15. Admit that Irma F. Fifer instructed the First Bank of Balch Springs, Texas, that she would pick up her bank statements at the bank, and that she directed the bank not to mail her the bank statements. 16. Admit that when they signed and filed their joint federal tax returns for the tax years at issue in this case, the petitioners knew *48 that the said tax returns were false and that the said tax returns failed to report all of their taxable income for the taxable years at issue in this case. 17. Admit that during the taxable years at issue in this case, Irma F. Fifer knew that the payments she received from Mrs. W.H. Hall at the rate of $ 4 per hour, or $ 64 per day for a 16 hour day, were her salary. On March 5, 1992, respondent filed with this Court a motion to show cause why proposed facts in evidence should not be accepted as established under Rule 91(f). The pertinent facts that respondent sought to have accepted as established were: 2. The petitioners agree that they signed and filed the Form 1040A Federal Income Tax Returns for taxable years 1981, 1982, and 1983, true copies [of] which are attached hereto as Joint Exhibits 1-A, 2-B, and 3-C. Each of the said tax returns was prepared by petitioner Charles C. Fifer. * * * 4. During each of the taxable years 1981, 1982, and 1983, petitioner Irma F. Fifer was * * * employed as a private duty nurse's aide for Mrs. W.H. Hall. 5. Mrs. W. H. Hall hired Irma F. Fifer in late 1980, and Irma F. Fifer worked for Mrs. W. H. Hall as a * * * private duty nurse's *49 aide until Mrs. Hall's death in May 1983. 6. During her employment as a private duty nurse's aide for Mrs. W.H. Hall, petitioner Irma F. Fifer was paid, via checks at the rate of $ 4.00 per hour or $ 64.00 per day, for a 16 hour work day. Petitioner Irma F. Fifer worked 16 hours per day, seven days a week, in Mrs. W.H. Hall's home during her employment by Mrs. W.H. Hall. 7. Petitioner Irma F. Fifer was fully reimbursed by Mrs. W.H. Hall for the full amount of the cost of any food, medicine and supplies which she purchased for Mrs. W.H. Hall during the taxable years at issue in this case. 8. During the taxable years 1981, 1982, and 1983, petitioner Irma F. Fifer earned, respectively, gross receipts of $ 23,360.00, $ 23,360.00 and $ 9,664.00 from * * * employment as a nurse's aide, * * * which amounts were not reported on the petitioners' joint income tax returns for said years. 9. Petitioners Irma F. Fifer and Charles C. Fifer, for the taxable years 1981, 1982, and 1983, filed income tax returns for said years that omitted 100% of the Irma F. Fifer's income earned from * * * employment as a nurse's aide. 10. The petitioners failed to report income for taxable year 1981 from *50 Irma F. Fifer's * * * employment as a nurse's aide in the amount of $ 23,360.00. True copies of pay checks received by Irma F. Fifer in the said amount are attached hereto as Joint Exhibit 5-E. 11. The petitioners failed to report income from taxable year 1982 from Irma F. Fifer's * * * employment as a nurse's aide in the amount of $ 23,360.00. True copies of checks received by Irma F. Fifer in the said amount are attached hereto as Joint Exhibit 6-F. 12. The petitioners failed to report income for taxable year 1983 from Irma F. Fifer's * * * employment as a nurse's aide in the amount of $ 9,664.00. True copies of checks received by Irma F. Fifer in the said amount are attached hereto as Joint Exhibit 7-G. 13. The petitioners' omission of * * * employment income from Irma F. Fifer's nursing aide activities constituted a substantial portion of the petitioners' income for each of the taxable years at issue in this case, as is shown by the following table:
Tax
Income
Income
Year
Reported
Omitted
% Omitted
1981
$ 21,735.20
$ 23,360.00
52%
1982
17,925.15
23,360.00
57%
1983
7,018.79
9,664.00
58%
14. Petitioners Irma F. Fifer's and Charles C. Fifer's omission *51 of specific items of income on their joint federal income tax returns filed for taxable years 1981, 1982, and 1983 is a part of a three [year] pattern of omitting income. 15. Petitioners on their joint income tax returns for taxable years 1981 and 1982 incorrectly stated that Mrs. Irma F. Fifer's occupation as "housewife." In fact, Mrs. Irma F. Fifer['s] occupation during taxable years 1981 and 1982 was that of * * * private duty nurse's aide. * * * 17. During the taxable years at issue the petitioners maintained two bank accounts; a joint account in both of their names at the Grove State Bank, or Interfirst Bank, and the personal checking and savings account of Irma F. Fifer at the First Bank of Balch Springs, Balch Springs, Texas. 18. Petitioner Irma F. Fifer, with the knowledge of Charles C. Fifer, opened and maintained a separate bank account at the First Bank of Balch Springs, in Balch Springs, Texas[,] in the sole name of Irma F. Fifer, into which account all of Irma F. Fifer's * * * employment income was deposited. None of the income deposited in this separate bank account was reported on their joint federal income tax returns for the taxable years at issue. 19. *52 Irma F. Fifer instructed the First Bank of Balch Springs that she would pick up her bank statements at the bank, and she directed the bank not to mail her the statements. 20. When confronted at an interview by respondent's Special Agent, Irma F. Fifer denied signing the joint tax returns of the petitioners for 1981, 1982, and 1983. In reality, Irma F. Fifer signed each return. She later admitted that she recognized her signature on each joint tax return. 21. When confronted at an interview by respondent's Special Agent, Irma F. Fifer stated that she had made an effort to determine how much she was paid by Mrs. W.H. Hall during the taxable years 1981, 1982, and 1983, by asking for a Form W-2 or a Form 1099. In reality, Irma F. Fifer never made any inquiry of her payor for income information prior to filing the petitioners' joint income tax return for the taxable years at issue in this case. 22. When confronted at an interview by the respondent's Special Agent, Irma F. Fifer stated that she was unable to handle financial matters, and that she could not even write checks. In reality, Irma F. Fifer maintained a checking and savings account for her own use, and she wrote approximately *53 twenty-five (25) checks each month during taxable years 1981, 1982, and 1983. 23. The petitioners failed to produce records or other information as to * * * [Irma F. Fifer's] income [from employment as a private duty nurse's aide] to respondent in connection with the examination by respondent of their income tax returns for 1981, 1982, and 1983, [sic] 24. The petitioners understated their income tax liabilities on their joint federal income tax returns for the taxable years 1981, 1982, and 1983 in the respective amounts of $ 10,437.00, $ 8,785.00, and $ 2,346.00. 25. The petitioners have agreed with the respondent's determination of unreported income in this case. 26. Petitioner Charles C. Fifer has admitted that both he and Petitioner Irma F. Fifer knew during the taxable years at issue in this case that they would owe more federal income tax if Irma F. Fifer's income earned by * * * employment as a private duty nurse's aide were included on their tax returns for the taxable years 1981, 1982 and 1983. 27. During the taxable years at issue in this case, the petitioners reported, on their joint federal income tax returns only income received from employers who they knew had *54 the custom of providing information documents concerning such income to the Internal Revenue Service. The petitioners did not report income on their joint federal income tax returns received by petitioners from employers who they knew did not have the custom of providing information documents concerning the income to the Internal Revenue Service. 28. Petitioner Irma F. Fifer, during the years at issue in this case[,] was * * * employed as a private duty nurse's aide and was not an employee of Mrs. W. H. Hall or of Mrs. W. H. Hall's nephew, Mr. Jean Rowe Jones. 29. Charles C. Fifer has admitted that neither he nor Irma F. Fifer made any inquiry of Mrs. W. H. Hall or Mr. Jean Rowe Jones as to the amount of income Irma F. Fifer earned from her nursing aide activities, for purposes of filing the federal income tax returns for the taxable years at issue. Charles C. Fifer has admitted during each of the taxable years at issue, the petitioners knew that reporting all of their income was the petitioners' responsibility. 30. Relative to each of the taxable years at issue in this case, neither Mrs. W. H. Hall nor Mr. Jean Rowe Jones provided Irma F. Fifer with any documents reflecting *55 the total amount of income paid by Mrs. Hall to Irma F. Fifer for each of the taxable years at issue in this case. 31. Charles C. Fifer has admitted that the petitioners signed and filed the joint federal income tax returns for the taxable years at issue, even though they both knew at the time that the returns were false and did not report all of their taxable income for the taxable years at issue in this case. 32. At no time did Irma F. Fifer or Charles C. Fifer inquire of Mrs. W. H. Hall or Mr. Jean Rowe Jones for the total amounts of income earned by Irma F. Fifer from her nursing aide activities during each year at issue in this case. 33. Irma F. Fifer knew that the amounts paid to her by Mrs. W. H. Hall, at the rate of $ 64.00 per day were her salary. Neither Mrs. W. H. Hall nor Mr. Jean Rowe Jones told her[,] Irma F. Fifer[,] that they would withhold federal income taxes or pay such taxes for her. 34. Income taxes on the amounts earned by Irma F. Fifer from * * * employment as a nurse's aide during each year at issue in this case were not required to be withheld at the source by Mrs. W.H. Hall. * * *
On March 11, 1992, we granted respondent's motion and ordered petitioners *56 to file a response, in compliance with Rule 91(f)(2), with this Court on or before April 3, 1992. By letter dated March 27, 1992, petitioners informed the Court that they would not be prosecuting their case further because they lacked the funds to do so. On April 8, 1992, we wrote petitioners, stating that By law, the Court cannot close a case that was properly begun without entering a decision in the amount of tax, if any, due from the taxpayer. The Court's record in your case shows that your case is calendared for trial at a session in Dallas, Texas[,] commencing on April 27, 1992, and that a response was due from you by April 3, 1992, showing cause why the facts and evidence contained in respondent's proposed Stipulation of Facts should not be deemed stipulated. If you do not file a response with the Court and do not appear at the April 27, 1992, trial session, respondent's attorney will ask the Court to dismiss your case for lack of prosecution. In that event, the Court will have no choice but to grant respondent's request and dismiss your case. * * *
Neither petitioners nor counsel for petitioners appeared at the Court's April 27, 1992, Dallas calendar call. At the *57 calendar call, respondent's counsel informed the Court that he had spoken to Mr. Fifer "one day last week", and that Mr. Fifer had told him that petitioners would neither appear in court nor otherwise pursue the case. Respondent thereupon filed a motion to dismiss for failure properly to prosecute. On December 2, 1992, the Court's order to show cause was made absolute, and, under Rule 91(f)(3), the facts and evidence set forth in respondent's proposed stipulation of facts were deemed stipulated for purposes of this case. The sanction of dismissal is exercised at the discretion of the trial court, Levy v. Commissioner, 87 T.C. 794, 803 (1986), and a case may be dismissed for failure properly to prosecute when the taxpayer fails to appear at trial and does not otherwise participate in the resolution of his claim. Rules 123(b), 149(a); Rollercade, Inc. v. Commissioner, 97 T.C. 113, 116-117 (1991); Basic Bible Church v. Commissioner, 86 T.C. 110, 112 (1986). Where dismissal for failure properly to prosecute is appropriate, the Court will enter a decision against the taxpayer as to any issue *58 for which he has the burden of proof. Rules 123(b), 149(a); Forbes v. Commissioner, T.C. Memo. 1991-214. However, where the Commissioner has alleged fraud and the taxpayer's case is to be dismissed for failure properly to prosecute, the Commissioner must come forward, either in the pleadings or at trial, with sufficient facts to sustain a finding of fraud before a decision including an addition to tax for fraud is entered against the taxpayer by reason of his failure to appear at trial. Pierce v. Commissioner, T.C. Memo. 1992-365; see also Smith v. Commissioner, 91 T.C. 1049, 1058 (1988), affd. 926 F.2d 1470 (6th Cir. 1991). In the case at hand, petitioners have the burden of proving that respondent incorrectly determined deficiencies in income tax for 1981-83 and an addition to tax for substantially understating their tax for 1982. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners not only failed to appear at trial, but also informed the Court, by letter dated March 27, 1992, that they would not prosecute *59 their case further. Despite our warnings that a case properly commenced in this Court cannot be closed without entering a decision and that petitioners' failure to prosecute would cause the Court to dismiss their case and enter decision against them, petitioners did not prosecute their case. Dismissal is therefore appropriate and we will grant respondent's motion with respect to petitioners' deficiencies in tax and the section 6661 addition to tax for 1982, as modified by respondent's concession that Mrs. Fifer was not an independent contractor during the years at issue. Respondent also determined that the deficiencies in petitioners' Federal income tax for the years at issue were due to fraud. Respondent accordingly seeks additions to tax for fraud under section 6653(b). For purposes of section 6653(b), fraud is the intentional underpayment of taxes motivated by the taxpayer's specific intent to evade a tax known or believed to be owing. Hebrank v. Commissioner, 81 T.C. 640, 642 (1983); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Whether fraud exists is a factual question that we decide after reviewing the *60 entire record, and respondent has the burden of proving fraud by clear and convincing evidence. King's Court Mobile Home Park, Inc. v. Commissioner, 98 T.C. 511, 515-516 (1992). To meet this burden, respondent is entitled to rely on facts deemed admitted under Rule 90(c) or deemed stipulated under Rule 91(f)(3). Marshall v. Commissioner, 85 T.C. 267, 272 (1985); Soulard v. Commissioner, T.C. Memo. 1989-608. By failing to reply to respondent's request for admissions within the 30 days prescribed by Rule 90(c), petitioners are deemed to have admitted the facts contained therein. Rule 90(c); Marshall v. Commissioner, supra at 272; Freedson v. Commissioner, 65 T.C. 333, 335-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978). For purposes of this case, petitioners also are deemed to have stipulated the facts and evidence set forth in respondent's proposed stipulation of facts. See Rule 91(f)(3); Soulard v. Commissioner, supra.
Through the deemed admissions and stipulations, *61 respondent has established that petitioners did not report, as gross income on their 1981-83 income tax returns, wages that Mrs. Fifer earned as a nurse's aide. See Respondent's Request for Admissions, pars. 2-5, supra p. 3; Respondent's Proposed Stipulation of Facts, pars. 8-12, supra pp. 5-6. This is not the exceptional case where respondent has the burden of coming forward with evidence to show that petitioners were not entitled to deductions, credits, or exclusions not already claimed or allowed. See Rivera v. Commissioner, T.C. Memo. 1979-343. Accordingly, respondent has proved, by clear and convincing evidence, that petitioners underpaid their income taxes for the years at issue. The deemed admissions and stipulations are replete with the necessary indications of fraudulent intent. The "badges of fraud" respondent has established through the deemed admissions and stipulations include: (1) Petitioners' pattern of substantially understating income during the years at issue, see Respondent's Request for Admissions, pars. 3-4, supra p. 3; Respondent's Proposed Stipulation of Facts, pars. 8-14, supra pp. 5-6; (2) petitioners' attempts *62 to conceal Mrs. Fifer's wages in a undisclosed bank account, see Respondent's Proposed Stipulation of Facts, pars. 18-19, supra p. 7; (3) petitioners' attempts to conceal Mrs. Fifer's income by incorrectly stating that her occupation was "housewife" on their joint income tax returns for 1981 and 1982, see Respondent's Request for Admissions, pars. 10-11, supra p. 4; Respondent's Proposed Stipulation of Facts, par. 15, supra p. 6; (4) petitioners' practice of reporting only income received from employers who customarily provide respondent with employee information documents, see Respondent's Proposed Stipulation of Facts, par. 27, supra p. 8; and (5) petitioners' failure to cooperate with respondent's agents, see Respondent's Request for Admissions, par. 8, supra pp. 3-4; Respondent's Proposed Stipulation of Facts, pars. 20-23, supra p. 7. [2] On this record, we hold that respondent has proved, by clear and convincing evidence, petitioners' specific intent to evade taxes known or believed to be owing. We accordingly hold petitioners liable for additions to tax for fraud under section 6653(b). *63 To reflect the foregoing and respondent's concession, An appropriate order will be issued, and decision will be entered under Rule 155. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years at issue.↩
1. Sec. 6653(b) was redesignated sec. 6653(b)(1)↩ by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 325, 96 Stat. 324, 616, for taxes the last day for payment of which is after Sept. 3, 1982.
2. Sec. 6661↩ was added to the Internal Revenue Code by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 323, 96 Stat. 324, 613, and it applies to tax returns for which the due date for filing is after Dec. 31, 1982.
3. Plus 50 percent of the interest due on $ 8,785 under sec. 6653(b)(2)↩.
4. Plus 50 percent of the interest due on $ 2,346 under sec. 6653(b)(2)↩.
2. See Niedringhaus v. Commissioner, 99 T.C.    ,     (1992) (slip. op. at 14), and Wheadon v. Commissioner, T.C. Memo. 1992-633↩, for a nonexclusive list of the various kinds of circumstantial evidence that may support a finding of fraudulent intent.