THOMAS H. McNICHOLS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McNichols v. Commissioner
Docket No. 10412-88
United States Tax Court
T.C. Memo 1993-61; 1993 Tax Ct. Memo LEXIS 63; 65 T.C.M. (CCH) 1943; February 23, 1993, Filed *63 Decision will be entered for respondent. For petitioner: Philip M. Giordano and Arnold N. Pollinger
For respondent: Maureen T. O'Brien and Louise R. Forbes
TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in, and additions to, petitioner's Federal income taxes for 1981 and 1982 as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
1981
$ 251,228
$ 125,614
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1982
$ 453,025
$ 226,513
50% of the
$ 113,256
interest due on
the deficiency
The issues for decision are whether petitioner: (1) Had unreported taxable income for 1981 and 1982 in the amounts of $ 503,500 and $ 906,065 respectively; (2) is liable for the additions to tax for fraud under section 6653(b); [1] and (3) is liable for the addition to tax under section 6661 for the taxable year 1982. *64 This case was submitted fully stipulated pursuant to Rule 122(a). All the stipulated facts are found accordingly. The attached exhibits are incorporated by reference. Petitioner resided in Boston, Massachusetts, at the time the petition in this case was filed. He filed Federal income tax returns for 1981 and 1982 on the cash basis with the Internal Revenue Service Center, Andover, Massachusetts. Petitioner was engaged in the importation and sale of marijuana during 1981 and 1982. In connection with such activities, on or about May 25, 1981, petitioner purchased an offshore shell company by the name of Travistock Trading Co., Ltd. (Travistock). A second offshore shell company, Tyler Holding, Ltd. (Tyler), was purchased on or about October 9, 1981. Travistock and Tyler were utilized by petitioner to conceal assets and revenues related to petitioner's illegal drug activities from the knowledge of the U.S. authorities, including the Internal Revenue Service. During 1981 and 1982, petitioner deposited, or caused to be deposited, the following amounts of money into bank accounts of Travistock and Tyler: Year
Travistock
Tyler
Total
1981
$ 311,000
$ 192,500
$ 503,500
1982
39,650
866,415
906,065
*65 Petitioner has stipulated that such amounts constituted income from his illegal drug activities. For the most part, Travistock and Tyler invested the money in certificates of deposit (CD's) issued by various banks. The CD's, most of which were renewed on one or more occasions, matured during 1981, 1982, and 1983. The precise manner in which such monies ultimately were expended is unclear; it appears, however, that petitioner used the majority of such funds to purchase real property for investment, including a one-third interest in 30 acres on Martha's Vineyard, a one-half interest in three parcels of property on St. Thomas, U.S.Virgin Islands, and two condominiums in Boston, Massachusetts. Petitioner failed to report as taxable income any portion of the drug revenues deposited into bank accounts of Travistock and Tyler during the 1981 and 1982 taxable years. Likewise, petitioner failed to claim as deductions any expenses incurred in producing such income including costs of drugs sold. In this connection, petitioner did not maintain accurate books or records in respect of his drug-related activities during the taxable years at issue. In October 1988, petitioner pleaded guilty *66 to a variety of criminal charges relating to the distribution of marijuana, racketeering, criminal enterprise, conspiracy to defraud the United States, and subscribing to false tax returns. As a result, petitioner was sentenced to 10 years' imprisonment and is now serving that sentence. Pursuant to a plea agreement entered into between petitioner and the U.S. Attorney for the District of Massachusetts in a related criminal case, petitioner also forfeited substantial amounts of money and properties. Initially, petitioner contends that the burden of proof is on respondent to establish that petitioner's unreported income, namely, the deposits into Travistock and Tyler during 1981 and 1982, was net of deductible expenses, including costs of the drugs sold. According to petitioner, "Respondent in its answer, * * * for the first time, * * * implies that Petitioner had no expenses paid from Travistock and Tyler, and that such stipulated deposits to the Petitioner were net of expenses from Travistock and Tyler." Petitioner therefore claims that respondent raised a new matter with respect to which respondent bears the burden of proof. We disagree. In the answer, respondent simply denied *67 error in not determining itemized deductions, credits, or offsets against the unreported income of petitioner for 1981 and 1982, as the petition alleged. Respondent's position in no way establishes a new matter which would shift the burden of proof to respondent under Rule 142(a) with respect to whether the amounts determined as income were net of expenses, insofar as the underlying deficiencies are concerned. That burden requires petitioner to show that the amounts determined for income in the notice of deficiency were not includable in income (petitioner has conceded that they were) or that they were offset by allowable deductions. Welch v. Helvering, 290 U.S. 111 (1933); Flint v. Commissioner, T.C. Memo. 1991-405 (costs of goods sold). Petitioner's attempt to transform his deductions, credits, or offsets in his "new matter" argument into a further position that respondent has the burden of proving that the determinations of income in the notice of deficiency were not arbitrary and capricious is equally without merit. Recognizing that "the burden of proof may fall on petitioner", petitioner alternatively contends *68 that he has met his burden of proof in respect of the deductibility of various expenditures by Travistock and Tyler in 1981 and 1982 totaling approximately $ 7,200. According to petitioner, such expenditures were incurred, and paid, in the ordinary course of his drug business and, as such, are deductible under section 162. Petitioner therefore asserts that the failure to allow these expenditures is a further ground for concluding that respondent's deficiency determinations were arbitrary and capricious. Again, we disagree. There is no indication that such expenditures were related to petitioner's importation and/or sale of marijuana; rather, the record indicates that they apparently were incurred for purposes of concealing revenues generated from petitioner's drug business and investing such revenues in CD's. In essence, such expenditures were at best expenses of Travistock and Tyler. As such there is no basis for allowing them as deductions to petitioner. Travistock and Tyler were created as separate entities by petitioner, and their separateness has not been disputed by respondent. [2] The record herein is utterly devoid of any evidence which would permit us to accept petitioner's *69 argument that Travistock and Tyler were his alter egos and therefore fall within the narrow exception to the doctrine established by Moline Properties v. Commissioner, 319 U.S. 436 (1943). See First Chicago Corp. v. Commissioner, 96 T.C. 421, 444 et seq. (1991). In this connection, we note that the fact that the instant case is fully stipulated does not lessen either party's burden of proof. Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991). With respect to the additions to tax for fraud under section 6653(b), [3] we must determine whether respondent's burden of proof has been satisfied. That burden requires respondent to establish that there has been an underpayment, that some part of the underpayment was due to fraud (sections 6653(b) and 6653(b)(1)), and the *70 portion of the underpayment due to fraud (section 6653(b)(2)). See DiLeo v. Commissioner, 96 T.C. 858, 873 (1991), affd. 959 F.2d 16 (2d Cir. 1992). *71 With respect to the 50-percent addition to tax, the answer is clearly in the affirmative since petitioner has stipulated: (a) He failed to report income in the amounts set forth in the notice of deficiency; (b) he "fraudulently, and with intent to evade tax omitted taxable income from his federal income tax returns for the taxable years 1981 and 1982", and (c) "a part of the underpayment of tax which was required to be shown on petitioner's federal income tax returns for the taxable years 1981 and 1982 was due to fraud". Under these circumstances, we need not, for the purposes of the 50-percent addition to tax, examine the question of respondent's burden of proof in respect of the existence of deductions, credits, etc. Cf. United States v. Bender, 218 F.2d 869, 871-872 (7th Cir. 1955); Rivera v. Commissioner, T.C. Memo. 1979-343, and cases cited therein. Accordingly, such addition to tax attaches to the entire deficiency. With respect to the addition to tax imposed by section 6653(b)(2), the question is the extent of respondent's burden of proof as to "the portion of the underpayment * * * which is attributable to *72 fraud" when, as is the case herein, the taxpayer claims that there are offsetting deductions. In the cases dealing with the obligation of respondent to negate such deductions and credits in respect of the addition to tax under section 6653(b)(1), it is clear that if respondent establishes that the taxpayer had unreported income, such addition to tax attaches to the amount of such income unless the taxpayer comes forward with evidence as to the claimed deductions, in which event the burden of proof to disprove such deductions rests with respondent. Compare United States v. Bender, supra, and the cases cited in Rivera v. Commissioner, supra (there was no such evidence), with Richardson v. Commissioner, 264 F.2d 400, 404-405 (4th Cir. 1959), modifying T.C. Memo. 1957-122, and Perez v. Commissioner, T.C. Memo. 1974-211 (there was some evidence). We think the reasoning which underpins this position, namely the difficulty of the Government to show a negative, also applies to the addition to tax under section 6653(b)(2). Given *73 petitioner's stipulation that he had income from illegal drug activities in the amounts set forth in the deficiency notice, that he had unreported taxable income and that a part of the underpayments was due to fraud, coupled with his failure to offer any evidence of deductions (including cost of goods sold) to which he may have been entitled, we think that, under the principles enunciated in United States v. Bender, supra, [4] respondent's burden of proof has been satisfied. Accordingly, we hold that the addition to tax under section 6653(b)(2) applies to the entire underpayment as determined in the notice of deficiency. We now turn to petitioner's contention that the imposition of the deficiencies and additions to tax, including the additions to tax for fraud, in respect of income which has been forfeited to the Government, constitutes double jeopardy under the Fifth Amendment and an excessive fine *74 under the Eighth Amendment. [5] We considered petitioner's constitutional arguments in McNichols v. Commissioner, T.C. Memo. 1992-120, and concluded that the instant case was controlled by Ianniello v. Commissioner, 98 T.C. 165 (1992), wherein this Court held that such imposition of taxes, and additions to taxes, did not violate the taxpayers' constitutional rights. Petitioner fails to recognize that the various forfeitures to which he has been subjected relate to conviction for crimes separate and distinct *75 from the charge of fraudulent tax evasion under section 6653(b). Indeed, even the tax crimes for which he was convicted were for subscribing to false tax returns under section 7206(1), which is a different crime from tax evasion under section 7201, the counterpart of section 6653(b). See Wright v. Commissioner, 84 T.C. 636 (1985) (holding that a conviction under section 7206(1), in contrast to a conviction under section 7201, does not operate as collateral estoppel). Petitioner's emphasis on the absence of proof by respondent of the costs for which the additions to tax for fraud are considered reimbursement is misplaced. Although Ianniello v. Commissioner, supra at 183, indicates that there was some evidence of such costs in that case, the Court made it clear that proof of costs was not a necessary element of the addition to tax under section 6653(b). Similarly, we do not accept petitioner's suggestion that some significance attaches to the fact that Congress has used the word "penalty" to describe the statutorily designated "addition to tax". Not only does the "penalty" description coincide with a semantical *76 course of judicial and legislative expressions over many years which contain no evidence that a substantive difference from "addition to tax" was intended, but even when Congress actually so changed the designation in enacting the present section 6662, there is nothing to indicate that it had any substantive change in mind. Under the foregoing circumstances, petitioner's attempt to distinguish Ianniello v. Commissioner, supra, from the instant case on grounds that the deficiencies and additions to tax herein are much greater is unavailing. Thus, petitioner's constitutional arguments again must fail. [6]
Finally, we consider the impact of section 6661, which imposes an addition to tax of 10 percent of the amount of any underpayment which is attributable *77 to a substantial understatement of income tax. The amount of the understatement is reduced by the portion which is attributable to: (1) The tax treatment of any item if there is or was substantial authority for such treatment, or (2) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return. Sec. 6661(b)(2)(B). Petitioner has presented no evidence of any such substantial authority. His contention that such authority exists in his constitutional arguments is without merit. Nor has he shown that he adequately disclosed the relevant facts affecting his treatment of such income. Indeed, he has stipulated that the amounts determined by respondent were not included in his returns for 1981 and 1982, i.e., total nondisclosure. Accordingly, respondent's determination under section 6661 is sustained. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that the deficiency notice does not include any interest from CD's in petitioner's income.↩
3. For the 1981 taxable year, sec. 6653(b) provided in part: (b) Fraud. -- If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * *
For the 1982 taxable year, sec. 6653(b) became sec. 6653(b)(1) and (2), with sec. 6653(b)(1) retaining language identical to that of prior sec. 6653(b). New sec. 6653(b)(2) provided in part: (2) Additional amount for portion attributable to fraud. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to fraud, * * *↩
4. See also Fifer v. Commissioner, T.C. Memo. 1993-44↩.
5. Petitioner also contends for the first time in his opening brief that the imposition of taxes and additions to taxes on income forfeited to the Federal Government violates the Due Process and Equal Protection Clauses of the 5th and 14th Amendments. Such issues, having been raised for the first time on brief, are untimely, and we decline to give them consideration. See, e.g., Krause v. Commissioner, 99 T.C. 132, 176↩ (1992).
6. We note that it appears that, under the plea agreement, the monies, i.e., cash, forfeited by petitioner in the amount of at least $ 600,000 are to be applied to any deficiencies, including additions to tax, determined in this case.↩