T.C. Memo. 2013-185

UNITED STATES TAX COURT

MICHAEL SCHLUSSEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12401-12.                    Filed August 14, 2013.

Michael Schlussel, for himself.

<u>Patrick F. Gallagher</u>, for respondent.

MEMORANDUM OPINION

GUSTAFSON, <u>Judge</u>:  The Internal Revenue Service ("IRS") determined

deficiencies of Federal income tax for 2006 and 2007 (along with additions to tax

[*2] and penalties) of petitioner, Michael Schlussel, pursuant to section 6213.[1]

The matter is currently before the Court on a motion for summary judgment filed pursuant to Rule 121 by respondent, the Commissioner of the IRS. The issues for decision are: (1) whether Mr. Schlussel is liable for the income tax deficiencies that the IRS determined; and (2) whether he is liable for the fraudulent failure-to-file addition to tax under section 6651(f), the failure-to-pay addition to tax under section 6651(a)(2), and the failure-to-pay-estimated-tax addition to tax under section 6654. We hold that he is liable in all respects, and we will grant summary judgment in the Commissioner's favor.

## Background

The Commissioner has made a showing of the following facts. That showing is supported principally by deemed admissions resulting from Mr. Schlussel's failure to file a reply to the Commissioner's answer, as discussed below, and Mr. Schlussel has not disputed the Commissioner's asserted facts.

The false invoicing scheme

In the years 2006 and 2007, Mr. Schlussel participated in a criminal scheme by which he sent false invoices, in the names of various shell companies, for

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 (26 U.S.C.) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** goods that were never delivered and were never in existence. Unwitting payors paid the invoices, supposing they were legitimate. By this means Mr. Schlussel received checks in the aggregate amounts of $129,350 in 2006 and $369,370 in 2007.

As a result of the false invoicing scheme, in March 2009 Mr. Schlussel was found guilty of two criminal counts--mail fraud and conspiracy to commit mail fraud. He received concurrent sentences of nine years in prison on each count.

Non-compliance with filing and paying requirements

Although Mr. Schlussel had filed tax returns for prior years, he filed none for the pre-suit year 2005 nor for the years at issue, 2006 and 2007. His failure to file was knowing and fraudulent. He kept no books or records of his false invoicing activity. Mr. Schlussel failed to make estimated tax payments for 2006 or 2007 or payments of tax for either year, and he had no reasonable cause for his failure.

Administrative proceedings

On February 14, 2012, the IRS issued to Mr. Schlussel a notice of deficiency pursuant to section 6213(a), determining for 2006 and 2007 the following deficiencies:

[*4]

|  |  |  | Additions to tax |  |
| --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(f) | Sec. 6651(a)(2) | Sec. 6654 |
| 2006 | $33,839 | $24,529.65 | $8,458.50 | $1,601.12 |
| 2007 | 113,535 | 82,309.25 | [TBD] | 5,167.06 |

On February 20, 2012, the IRS prepared for Mr. Schlussel corresponding Forms 13496, "IRC Section 6020(b) Certification", as substitutes for returns ("SFRs"). On those SFRs the IRS included the income from the false invoicing scheme, along with relatively small amounts of other income.

Tax Court proceedings

On May 12, 2012, Mr. Schlussel timely mailed his petition to this Court. At that time he resided in Massachusetts, where he is incarcerated. The petition alleges:

> I DISAGREE WITH THE IRS DETERMINATION, BECAUSE I
> DID NOT MAKE THE MONEY THEY CLAIM I MADE. THEIR
> FIGURES ARE ERRONEOUS, AND INCORRECT. I DON'T
> KNOW HOW THEY DERIVED AT THEIR FIGURES. I AM
> UNDER THE IMPRESSION THAT THEY TOOK THE FIGURES
> FROM THE FUNDS THAT WERE MENTIONED AT MY TRIAL,
> BUT IF THEY REVIEW THE RECORDS PROPERLY, AND THEY
> WOULD GO OVER THE DISCOVERY INFO PROVIDED BY THE
> GOVERNMENT, THEY WILL NOTICE THAT THE CHECKS
> WAS LEGALLY DEPOSITED BY THE COLLECTION
> COMPANY, A VALID NEW YORK CORPORATION, AND THAT
> THE COMPANY, USED IT, TO PAY EMPLOYEES WAGES,
> TAXES, 941s, FICA, RENT, PRINTING, POSTAGE, TELEPHONE
> CHARGES, ETC. ALL IN THE NORMAL DAY TO DAY
> OPERATIONS OF A BUSINESS. THE FUNDS WERE USED

**[\*5]** LEGALLY, AND AT NO TIME DID I DEPOSIT THE FUNDS INTO MY PERSONAL ACCOUNT, NOR DID I DRAW ON THE FUNDS. I IN FACT DID NOT MAKE ANY INCOME, IN YEAR 2006, AND 2007. I WAS HOSPITALIZED, AND SUBSEQUENTLY TAKEN CARE OF BY MY GIRL FRIEND WHO EARNED HER SALARY LEGALLY AS WELL. I AM PRESENTLY INCARCERATED ON A NINE YEAR SENTENCE AND AM 59+ YEARS OLD. I IN FACT SUFFERED MULTIPLE CAPITAL LOSES FROM THE FORCED SALE OF MY HOUSE, CARS, AND ALL MY PERSONAL PROPERTY. ALL MY PERSONAL FUNDS WERE EXHAUSTED OR STOLEN FROM ME.

I THEREFORE WANT THE CHARGES EXPUNGED FROM TAXES AT THE EARLIEST POSSIBLE.

The Commissioner filed his answer to the petition on July 9, 2012; and that answer not only denied Mr. Schlussel's allegations but also made its own "affirmative allegations" in paragraph 8, recounting the criminal scheme, Mr. Schlussel's profit derived from it, and his fraudulent failure to file tax returns. Mr. Schlussel filed no reply; so on September 26, 2012, the Commissioner filed a motion under Rule 37(c) requiring him to do so. By order of October 1, 2012, the Court directed Mr. Schlussel as follows:

Under Rule 37(a), Mr. Schlussel is required to file a reply either admitting or denying the IRS's affirmative allegations, but he did not do so. Therefore, on September 26, 2012, the IRS filed a motion under Rule 37(c), asking the Court to issue an order stating that the allegations in the answer that Mr. Schlussel did not deny should be deemed admitted by Mr. Schlussel. Upon due consideration, it is

**[\*6]** ORDERED that, on or before October 17, Mr. Schlussel shall file a reply as required by Rule 37(a) and (b) of the Tax Court Rules of Practice and Procedure. <u>If Mr. Schlussel does not file a reply as directed herein, then the Court will grant the IRS's motion and will deem for purposes of this case that Mr. Schlussel has admitted the affirmative allegations set forth in the answer</u>. [Emphasis added.]

Mr. Schlussel filed no reply, and in its order of October 31, 2012, the Court stated:

As of this date the Court has received no reply from Mr. Schlussel. Upon due consideration and for cause, it is

ORDERED that the IRS's motion for entry of order that the undenied allegations in paragraph 8 of its answer be deemed admitted as set forth, is granted. Those affirmative allegations in the IRS's answer are deemed admitted by Mr. Schlussel.

On November 23, 2012, the Commissioner filed his motion for summary judgment (making factual assertions on the basis of Mr. Schlussel's deemed admissions); and on that same date the Court ordered as follows:

This case is scheduled to be tried at the Court's session in Boston, beginning February 4, 2013. However, on November 23, 2012, respondent (the IRS) filed a motion for summary judgment. The IRS's motion asserts that no trial is necessary in this case, because (the IRS says) no relevant facts are in dispute. The motion contends that, on the basis of the undisputed facts, the case can be decided in the IRS's favor. The Court will order petitioner Michael Schlussel to file a response to the IRS's motion.

If Mr. Schlussel disagrees with the facts set out in the IRS's motion, then his response should point out the specific facts in dispute. If he disagrees with the IRS's argument as to the law, then his response should also set out his position on the disputed legal issues. Q&As that the Court has prepared on the subject "What is a motion for summary judgment? How should I respond to one?"

**[*7]** are available at ustaxcourt.gov/taxpayer_info_start.htm#START40 and are printed on the page attached to this order.

Mr. Schlussel should note that Tax Court Rule 121(d) provides, "If the adverse party [i.e., Mr. Schlussel] does not so respond [to a motion for summary judgment], then a decision, if appropriate, may be entered against such party"--i.e., against Mr. Schlussel.

To resolve the IRS's motion for summary judgment, it is

ORDERED that, no later than December 21, 2012, Mr. Schlussel shall file with the Court and serve on the IRS a response to the IRS's motion for summary judgment.

On December 10, 2012, Mr. Schlussel filed a motion for a 180-day extension. The motion stated:

I AM REQUESTING THE COURT TO ALLOW ME 180 DAYS ADJOURNMENT, DUE TO THE FACT THAT I HAVE BEEN STRICKEN BY A STROKE, AND SUBSEQUENTLY HAD A SEIZURE, WHERE MY HEART STOPPED BEATING, AND, DUE TO THE PROXIMITY OF COMPETENT MEDICAL STAFF, I WAS PROMPTLY REVIVED BACK TO LIFE.

I HAVE BEEN FITTED, WITH A PACEMAKER WHICH WAS FINALLY IMPLANTED INTO MY CHEST TO KEEP ME ALIVE. I HAVE HAD A FEW SEIZURES IN THE MIDDLE OF THE NIGHT, WHERE I FELL OUT OF BED ON A CONCRETE FLOOR.

I AM PRESENTLY ATTEMPTING TO GET BACK TO FULL HEALTH. I WANT YOU TO KNOW THAT I DO NOT HAVE ANY OF MY TAX RECORDS WITH ME AT THIS MEDICAL CTR.

[*8]         ITS FOR THAT REASON, THAT I AM REQUESTING A CONTINUANCE OF THIS CASE FOR AT LEAST 180 DAYS, JUST SO THAT I CAN GET BACK TO HEALTH, AND BE ABLE TO REPRESENT MYSELF COMPETENTLY.

        I THANK YOU IN ADVANCE FOR PROMPT REPLY TO MY REQUEST.

By order of December 21, 2012, we granted Mr. Schlussel's request, and we

stated as follows:

        The Court will grant Mr. Schlussel's motion, even though doing so will require taking this case off of the upcoming calendar and may complicate further proceedings, and even though an extension of 180 days (i.e., six months) is an extraordinary extension. Even for persons who are incarcerated and who are sick, the IRS is required to perform its duties imposed by law, and the Court is obliged to process the cases on its docket.  Sick or incarcerated persons are entitled to reasonable accommodations, but they are not entitled to indefinite exemption from the tax laws.  Six months should certainly suffice, and Mr. Schlussel is warned that he should not expect any further extension.  He should immediately begin to obtain his records; and if fortunate circumstances allow him to respond earlier, he should certainly do so, rather than risk an adverse turn of events and find himself unable to act in June 2013.  If Mr. Schlussel were unable to obtain his records and to prepare his response in that six-month period, then it would be hard to assume that any further extension would actually facilitate a response, rather than just delaying the case indefinitely, which the Court would not do.  It is therefore

        ORDERED that Mr. Schlussel's motion for an extension is granted, and that he shall file a response to respondent's motion no later than June 21, 2013.

As of this date, Mr. Schlussel has filed no response.

[*9]                              Discussion

I.      Standard for summary judgment

Under Rule 121 (the Tax Court's analog to Rule 56 of the Federal Rules of Civil Procedure) the Court may grant summary judgment where there is no genuine dispute of any material fact and a decision may be rendered as a matter of law. The moving party (here, the Commissioner) bears the burden of showing that no genuine dispute of material fact exists,[2] and the Court will view any factual material and inferences in the light most favorable to the nonmoving party (here, Mr. Schlussel). Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); cf. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (same standard under Fed. R. Civ. P. 56). "The opposing party [i.e., Mr. Schlussel] is to be afforded the benefit of all reasonable doubt, and any inference to be drawn from the underlying facts contained in the record must be viewed in a light most favorable to the party opposing the motion for summary judgment." Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

---

[2]The Commissioner may carry his burden of proof as to fraud by relying on a petitioner's deemed admissions arising under Rule 37(c) as a result of the petitioner's failure to file a reply to specific allegations of fraud. Doncaster v. Commissioner, 77 T.C. 334, 337 (1981). It therefore follows that a party moving for summary judgment may rely on such deemed admissions to support the factual predicate for his motion.

**[*10]** However, the non-moving party may not sit on his hands. He is required by Rule 121(d) to "set forth specific facts showing that there is a genuine dispute for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party." Despite having this requirement called to his attention, Mr. Schlussel failed to make any response to the IRS's motion for summary judgment.

## II.     Mr. Schlussel's liability

### A.     Income tax

Proceeds of a criminal activity are taxable income. The Supreme Court "has given a liberal construction to the broad phraseology of the 'gross income' definition statutes in recognition of the intention of Congress to tax all gains except those specifically exempted." James v. United States, 366 U.S. 213, 219 (1961). In James, the Supreme Court held that "wrongful appropriations" are includible in gross income. Id. at 219-220. The Commissioner has shown (and Mr. Schlussel has not contradicted) that in 2006 and 2007 Mr. Schlussel received income from his criminal activity (and other sources) for which he owes Federal income tax in the amounts determined in the notice of deficiency.

**[*11]** B.    <u>Fraudulent failure-to-file addition to tax</u>

The Commissioner has also shown that Mr. Schlussel's failure to file returns for 2006 and 2007 was fraudulent.  Section 6651(f) provides:

> SEC. 6651(f).  Increase in Penalty for Fraudulent Failure to File.--If any failure to file any return is fraudulent, paragraph (1) of subsection (a) shall be applied--
>
> > (1)  by substituting "15 percent" for "5 percent" each place it appears, and
> >
> > (2)  by substituting "75 percent" for "25 percent".

The cross-referenced "paragraph (1) of subsection (a)" is section 6651(a)(1), which provides:

> In case of failure--
>
> > (1)  to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return <u>5 percent</u> of the amount of such tax if the failure is for not more than 1 month, with an additional <u>5 percent</u> for each additional month or fraction thereof during which such failure continues, not exceeding <u>25 percent</u> in the aggregate * * *.  [Emphasis added.]

Thus, for the period of Mr. Schlussel's non-filing he owes an additional 15% per month up to a total of 75%.  Mr. Schlussel has not made any defense, and he is liable for this addition to tax.

**[*12]** C.     Failure to pay

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on a return, and the Commissioner contends that Mr. Schlussel is liable for this addition for the two years at issue.  The addition to tax under section 6651(a)(2) applies only when an amount of tax is shown on a return, Cabirac v. Commissioner, 120 T.C. 163, 170 (2003), and the Commissioner has the burden of production to show the filing of a return, i.e., to show an "amount shown as tax on * * * [a] return", sec. 6651(a)(2).  A return made by the Secretary under section 6020(b)--i.e., an SFR--is treated as "the return filed by the taxpayer for purposes of determining the amount of the addition" under section 6651(a)(2). Sec. 6651(g)(2).  The Commissioner's motion shows that the IRS did prepare SFRs for Mr. Schlussel in compliance with section 6020(b).  Cf. Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). The Commissioner has thus carried his burden of production under section 7491(c) to show that Mr. Schlussel is liable for the addition to tax under section 6651(a)(2).  Mr. Schlussel has not made any defense, and he is liable for the failure-to-pay addition to tax.

**[\*13]** D.    <u>Failure to pay estimated tax</u>

Section 6654 imposes an addition to tax on an individual taxpayer who underpays his estimated tax. The Commissioner determined this addition for Mr. Schlussel's 2006 and 2007 years. A taxpayer has an obligation to pay estimated tax for a particular year if he has a "required annual payment" for that year. Sec. 6654(d). A "required annual payment" is defined in section 6654(d)(1)(B), in pertinent part, as "the lesser of--(i) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year)", or (ii) if the individual filed a return for the preceding taxable year, then "100 percent of the tax shown on the return of the individual for the preceding taxable year". Thus, the Commissioner's burden of production under section 7491(c) requires him to produce, for each year for which the addition is asserted, evidence that the taxpayer had a required annual payment under section 6654(d); and in order to do so he must demonstrate the tax shown on the taxpayer's return for the preceding year or that the taxpayer filed no return. For the year 2007, the "preceding taxable year" is 2006; for the year 2006, the "preceding taxable year" is 2005; and for neither of these "preceding taxable year[s]" did Mr. Schlussel file a return. Consequently, the Commissioner carried his burden of production to show that Mr. Schlussel is liable for the section 6654

**[\*14]** addition for 2006 and 2007, and he made no defense. He is therefore liable for this addition for failure to pay estimated tax.

III. Failure to respond

The foregoing discussion resolves this case on its merits. In the alternative, we would reach the same outcome by dismissing the case, on our own motion, for Mr. Schlussel's failure to comply with our orders of November 23 and December 21, 2012, directing him to file a response to the Commissioner's motion for summary judgment. As we advised him in our order,

> Tax Court Rule 121(d) provides, "If the adverse party [i.e., Mr. Schlussel] does not so respond [to a motion for summary judgment], then a decision, if appropriate, may be entered against such party"--i.e., against Mr. Schlussel.

In addition, Rule 123 ("Default and Dismissal") provides:

> (a) Default: If any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, then such party may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper * * *.

> (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court * * *, the Court may dismiss a case at any time and enter a decision against the petitioner.

**[\*15]** As we have noted, the Commissioner has the burden of proof on the issue of fraud; but where (as here) his answer alleges specific facts sufficient to sustain a finding of fraud, a decision of default can be entered pursuant to Rule 123(a) against a petitioner who "has failed to plead or otherwise proceed". See Smith v. Commissioner, 91 T.C. 1049, 1056 (1988), aff'd, 926 F.2d 1470 (6th Cir. 1991). Likewise, where fraud is at issue, a petition can be dismissed for "failure * * * properly to prosecute or to comply with these Rules or any order" under Rule 123(b), where "the Commissioner * * * come[s] forward, either in the pleadings or at trial, with sufficient facts to sustain a finding of fraud". Fifer v. Commissioner, T.C. Memo. 1993-44.

The Court explained to Mr. Schlussel the nature of the Commissioner's motion for summary judgment and the proper manner for responding to the motion and then showed extraordinary leniency by allowing him an additional six months to file his response--though that allowance substantially delayed decision in this case and consequently (by operation of section 6213(a)) delayed the assessment against Mr. Schlussel of the tax at issue. Having been granted the allowance he requested, Mr. Schlussel then made no filing in response to the Court's order. He thus induced delay in these proceedings for no purpose. This circumstance warrants dismissal of the case for failure to comply with the Court's order.

**[\*16]** <u>Conclusion</u>

The Commissioner is entitled to summary judgment.  To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.