T.C. Memo. 2014-7

UNITED STATES TAX COURT

FRANK ANTHONY COLONNA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17596-12.                    Filed January 9, 2014.

Frank Anthony Colonna, pro se.

K. Elizabeth Kelly, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before us on respondent's motion for default

judgment (respondent's motion).  We shall grant respondent's motion.

Petitioner resided in Illinois at the time he filed the petition.

In the petition, petitioner indicated that he disagreed with the determinations

in the notice of deficiency dated April 6, 2012, that respondent issued to him for

**[*2]** his taxable years 2005, 2006, 2007, and 2008 and that he attached to the

petition.[1]  In support of that disagreement, petitioner alleged in the petition:

> I disagree with this IRS determination for the following facts.  Plea
> agreement was approved & signed by all parties to the amount owed.
> The amount was completed by my accountant and audited by Federal
> IRS agents and agreed upon by IRS agents in Federal court on March
> 9, 2011 and Judgment was signed by Judge Harry Leinenweber on
> March 9, 2011.

In the answer, respondent responded to the above-quoted allegations of

petitioner as follows:

> First sentence:  Admits petitioner disagrees with respondent's
> determination; denies remaining material allegations of fact, if any.
> Second, third and fourth sentences:[2]  Admits that petitioner entered
> into a plea agreement in which he admitted to knowingly and
> willfully failing to report income in tax years 2005, 2006, 2007 and
> 2008.  Denies that respondent was a party to said plea agreement or
> that said plea agreement set limitations on petitioner's tax liability for
> the years at issue.  Alleges that petitioner's plea agreement contained
> the following language:  "This Plea Agreement concerns criminal
> liability only.  Except as expressly set forth in this Agreement,
> nothing herein shall constitute a limitation, waiver or release by the
> United States or any of its agencies of any administrative or judicial
> civil claim, demand or cause of action it may have against defendant

---

[1]In the form petition that petitioner used, he erroneously checked the box "Notice of Determination", instead of the box "Notice of Deficiency", to indicate the type of respondent's determinations that he was disputing in the petition.

[2]There is a total of only three sentences.  We presume therefore that respondent intended to refer to the second and third sentences, not to the "Second, third and fourth sentences".

[*3] or any other person or entity." Denies remaining material allegations of fact, if any.

Respondent further affirmatively alleged in the answer:

8. FURTHER ANSWERING the petition, respondent alleges

**2005**

(a) During tax year 2005, petitioner owned and operated Globel Star Communications, Inc. (Globel Star), a computer modem repair business.

(b) Petitioner was President, manager, and 100% owner of Globel Star. Petitioner was required to report all income and expenses related to the business on Forms 1120S, filed by the corporation. Petitioner was also required to report all income he received from the business, including his 100% share of the net profit of the business, on his personal tax return (Form 1040).

(c) During 2005, petitioner diverted funds from the business to himself by means of cash withdrawals and the use of business checks to pay personal expenses.

(d) Petitioner knowingly and willfully failed to report the cash withdrawals or the payment of personal expenses by the business as income on his Form 1040.

(e) Petitioner sought to conceal the cash withdrawals and use of business checks to pay personal expenses by inflating business expenses on Globel Star's Form 1120S.

(f) On or about April 17, 2006, petitioner willfully made and subscribed, and caused to be made and subscribed, a Form 1040 for tax year 2005, which was signed under penalty of perjury and filed with respondent, which petitioner did not believe to be true and

[*4] correct as to every matter, in that said return reported on Line 22 that petitioner's total income was $46,947.00; petitioner knew and believed that his income exceeded $46,947.00 in that he knowingly and willfully failed to include additional income of approximately $156,107.00 he received from the operation of Globel Star.  Petitioner did so with the intent of defrauding respondent.

(g)  On or about November 22, 2010, petitioner filed an amended Form 1040 reporting a corrected tax liability of $39,570.00. Petitioner's self-reported liability was then assessed by respondent.

## 2006

(h)  During tax year 2006, petitioner owned and operated Globel Star Communications, Inc. (Globel Star), a computer modem repair business.

(i)  Petitioner was President, manager, and 100% owner of Globel Star.  Petitioner was required to report all income and expenses related to the business on Forms 1120S, filed by the corporation.  Petitioner was also required to report all income he received from the business, including his 100% share of the net profit of the business, on his personal tax return (Form 1040).

(j)  During 2006, petitioner diverted funds from the business to himself by means of cash withdrawals and the use of business checks to pay personal expenses.

(k)  Petitioner knowingly and willfully failed to report the cash withdrawals or the payment of personal expenses by the business as income on his Form 1040.

(1)  Petitioner sought to conceal the cash withdrawals and use of business checks to pay personal expenses by inflating business expenses on Globel Star's Form 1120S.

**[*5]**          (m)  On or about April 17, 2007, petitioner willfully made and subscribed, and caused to be made and subscribed, a Form 1040 for tax year 2006, which was signed under penalty of perjury and filed with respondent, which petitioner did not believe to be true and correct as to every matter, in that said return reported on Line 22 that petitioner's total income was $62,617.00; petitioner knew and believed that his income exceeded $62,617.00 in that he knowingly and willfully failed to include additional income of approximately $231,739.00 he received from the operation of Globel Star.  Petitioner did so with the intent of defrauding respondent.

(n)  On or about November 22, 2010, petitioner filed an amended Form 1040 reporting a corrected tax liability of $66,691.00. Petitioner's self-reported liability was then assessed by respondent.

## 2007

(o)  During tax year 2007, petitioner owned and operated Globel Star Communications, Inc. (Globel Star), a computer modem repair business.

(p)  Petitioner was President, manager, and 100% owner of Globel Star.  Petitioner was required to report all income and expenses related to the business on Forms 1120S, filed by the corporation.  Petitioner was also required to report all income he received from the business, including his 100% share of the net profit of the business, on his personal tax return (Form 1040).

(q)  During 2007, petitioner diverted funds from the business to himself by means of cash withdrawals and the use of business checks to pay personal expenses.

(r)  Petitioner knowingly and willfully failed to report the cash withdrawals or the payment of personal expenses by the business as income on his Form 1040.

**[*6]** (s) Petitioner sought to conceal the cash withdrawals and use of business checks to pay personal expenses by inflating business expenses on Globel Star's Form 1120S.

(t) On or about April 15, 2008, petitioner willfully made and subscribed, and caused to be made and subscribed, a Form 1040 for tax year 2007, which was signed under penalty of perjury and filed with respondent, which petitioner did not believe to be true and correct as to every matter, in that said return reported on Line 22 that petitioner's total income was $123,790.00; petitioner knew and believed that his income exceeded $123,790.00 in that he knowingly and willfully failed to include additional income of approximately $181,993.00 he received from the operation of Globel Star. Petitioner did so with the intent of defrauding respondent.

(u) On or about November 22, 2010, petitioner filed an amended Form 1040 reporting a corrected tax liability of $61,209.00. Petitioner's self-reported liability was then assessed by respondent.

## 2008

(v) During tax year 2008, petitioner owned and operated Globel Star Communications, Inc. (Globel Star), a computer modem repair business.

(w) Petitioner was President, manager, and 100% owner of Globel Star. Petitioner was required to report all income and expenses related to the business on Forms 1120S, filed by the corporation. Petitioner was also required to report all income he received from the business, including his 100% share of the net profit of the business, on his personal tax return (Form 1040).

(x) During 2008, petitioner diverted funds from the business to himself by means of cash withdrawals and the use of business checks to pay personal expenses.

**[*7]**         (y)  Petitioner knowingly and willfully failed to report the cash withdrawals or the payment of personal expenses by the business as income on his Form 1040.

(z)  Petitioner sought to conceal the cash withdrawals and use of business checks to pay personal expenses by inflating business expenses on Globel Star's Form 1120S.

(aa)  On or about April 15, 2009, petitioner willfully made and subscribed, and caused to be made and subscribed, a Form 1040 for tax year 2008, which was signed under penalty of perjury and filed with respondent, which petitioner did not believe to be true and correct as to every matter, in that said return reported on Line 22 that petitioner's total income was $155,582.00; petitioner knew and believed that his income exceeded $155,582.00 in that he knowingly and willfully failed to include additional income of approximately $208,812.00 he received from the operation of Globel Star.  Petitioner did so with the intent of defrauding respondent.

(bb)  On or about November 22, 2010, petitioner submitted to respondent an amended Form 1040 reporting a corrected tax liability of $81,634.00.  This form was not filed by respondent and petitioner's self-reported liability has not been assessed.

Petitioner did not file a reply to the answer.

Pursuant to Rule 90(c),[3] each of the following matters set forth in

respondent's request for admissions, which essentially restates many of the

---

[3]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the years at issue.

[*8] affirmative allegations in the answer, is deemed admitted.[4]  See, e.g.,

Marshall v. Commissioner, 85 T.C. 267, 272 (1985).

During taxable years 2005, 2006, 2007, and 2008, petitioner owned 100

percent of Globel Star Communications, Inc. (Globel Star), a computer modem

repair business, and served as its president and manager.

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for each of

his taxable years 2005 (2005 return), 2006 (2006 return), 2007 (2007 return), and

2008 (2008 return).

Petitioner diverted funds received on behalf of Globel Star by means of cash

withdrawals and the use of business checks to pay personal expenses.  He did not

report those diverted funds as income in his 2005 return, 2006 return, 2007 return,

or 2008 return.

Petitioner concealed the funds of Globel Star that he diverted (as described

above) by deliberately inflating business expenses that Globel Star claimed in

Form 1120S, U.S. Income Tax Return for an S Corporation, that it filed for each of

its taxable years 2005, 2006, 2007, and 2008.

---

[4]Petitioner failed to file any response to respondent's request for admissions.

**[*9]** Petitioner knowingly and willfully failed to report in his 2005 return, 2006 return, 2007 return, and 2008 return income of approximately $156,107, $231,739, $181,993, and $208,812, respectively, that he received during those years from the operation of Globel Star. Petitioner's failure to do so was with the intent to evade or defeat Federal income tax (tax) for each of his taxable years 2005, 2006, 2007, and 2008.

Petitioner knew that his failure to report in his 2005 return, 2006 return, 2007 return, and 2008 return the respective amounts of income (as described above) would result in his claiming in those returns respective tax liabilities that were less than the respective tax liabilities that were required to be shown in those returns.

During each of his taxable years 2005, 2006, 2007, and 2008, petitioner consistently engaged in illegal gambling activities. He supported those illegal gambling activities during each of those years with the funds that he had diverted from Globel Star.

Petitioner entered into a plea agreement in the U.S. District Court for the Northern District of Illinois in which he pleaded guilty to violating section 7206(1) by knowingly and willfully filing false tax returns for his taxable years 2007 and 2008, respectively. In that plea agreement, petitioner also admitted to

[*10] knowingly and willfully filing false tax returns for his taxable years 2005 and 2006, respectively.

Respondent issued a notice of deficiency (notice) to petitioner with respect to his taxable years 2005, 2006, 2007, and 2008.[5] In that notice, respondent determined the following deficiency in, and fraud penalties under section 6663 on, petitioner's tax:

| Taxable Year | Deficiency | Fraud Penalty |
|---|---|---|
| 2005 | -0- | $28,062.00 |
| 2006 | -0- | 48,853.00 |
| 2007 | -0- | 39,685.00 |
| 2008 | $65,308 | 48,217.50 |

This case was called from the calendar (calendar call) at the trial session of the Court that began on October 28, 2013, in Chicago, Illinois (Chicago trial session). Counsel for respondent appeared. There was no appearance by or on

_____

[5]Before respondent issued the notice, petitioner had submitted to respondent an amended tax return for each of his taxable years 2005, 2006, 2007, and 2008 in which he showed the corrected tax liability for each of those years. Respondent processed and had filed petitioner's amended tax returns for 2005, 2006, and 2007 and assessed the corrected respective tax liabilities shown therein. Respondent did not process or have filed petitioner's amended tax return for his taxable year 2008 and did not assess the tax liability shown therein.

**[\*11]** behalf of petitioner, and respondent filed the motion before us.  In that motion, respondent represented the following facts that petitioner does not dispute.[6]

Before the calendar call on October 28, 2013, despite repeated attempts to contact petitioner by respondent's counsel, petitioner failed to cooperate with respondent's counsel in preparing this case for trial and/or attempting to settle it. Thus, petitioner failed to comply with certain Rules of the Court and our standing pretrial order dated May 24, 2013.  Petitioner's failure to cooperate with respondent's counsel is evidenced by the following actions or inactions of petitioner.  On June 13, 2013, respondent sent a letter (June 13, 2013 letter) to petitioner at the address shown in the petition.  Respondent's counsel asked petitioner to provide certain specified documents, answers to questions pertaining to his case, and his

---

[6]In an Order dated October 28, 2013 (October 28 Order), we ordered petitioner's address of record changed to a different address, i.e., P.O. Box 73, South Elgin, Illinois 60177 (petitioner's new address), because respondent informed us at the calendar call that petitioner's address was no longer the address shown for him in our records.  In that Order, we also ordered petitioner to file a response to respondent's motion that was to be received by November 18, 2013. On November 17, 2013, petitioner electronically submitted a document titled "Response" that we had filed on November 18, 2013, as his response to respondent's motion.  That response puzzlingly stated only the following:  "Responding to court date October 28th to set request new trial date I confirm the new address is * * * [petitioner's new address shown in the October 28 Order] and responding before November 18th 2013."

**[*12]** telephone number.  Respondent's counsel proposed that petitioner meet with her on July 10, 2013, at 10 a.m.  The June 13, 2013 letter was returned to respondent undelivered, and petitioner did not attend the proposed meeting.

On July 29, 2013, respondent served a copy of respondent's request for admissions on petitioner at the address shown in the petition.

On August 5, 2013, after having made an extensive search for reliable contact information for petitioner, respondent's counsel ascertained a telephone number for petitioner and had a telephone call (August 5, 2013 telephone call) with him.  During that call, petitioner provided respondent's counsel with his telephone number and his mailing address at P.O. Box 73, South Elgin, Illinois 60177.[7]  During the August 5, 2013 telephone call, respondent's counsel attempted to schedule a meeting with petitioner to discuss his case, but he indicated that he would have to check his schedule and call her back.

On August 6, 2013, respondent's counsel sent a letter (August 6, 2013 letter) to petitioner at the address that he had given her on the preceding day.  She proposed in that letter that petitioner have a conference with her by no later than August 19, 2013.  Respondent's counsel enclosed with the letter a copy of the request for admissions that respondent had served on petitioner on July 29, 2013,

---

[7]See supra note 6.

**[*13]** at petitioner's address of record on that date.  In both the August 6, 2013 letter and the August 5, 2013 telephone call, respondent's counsel emphasized to petitioner that the statements in the request for admissions would be deemed admitted by him if he did not file a response to that request by August 28, 2013.

Respondent's counsel spoke again with petitioner on an unspecified date between August 6 and 28, 2013 (post-August 5, 2013 discussion).  Petitioner indicated during that discussion that he did not know whether he would file a response to the request for admissions.  Petitioner asked during the post-August 5, 2013 discussion with respondent's counsel about the consequences of his failure to appear when his case was called at the Chicago trial session.  Respondent informed petitioner that if he failed to appear at that session, respondent would file a motion for default judgment.  Petitioner then asked respondent's counsel to call him in early September to schedule a time for a meeting to discuss his case.

The post-August 5, 2013 discussion was the last time respondent's counsel spoke with petitioner despite the following attempts to do so.  Respondent's counsel telephoned petitioner on September 3 and 13, 2013, and left messages attempting to schedule a meeting.  Petitioner never responded to those messages.  On September 13, 2013, respondent's counsel sent a letter to petitioner at the address that he had provided to her during the August 5, 2013 telephone call.  That

**[*14]** letter asked petitioner to contact respondent's counsel and reminded him of his obligation under Rule 21 to inform the Court of any change in his address. Respondent's counsel called petitioner on October 24 and 25, 2013, and left messages that respondent's counsel would file a motion for default judgment if there was no appearance by him or on his behalf at the calendar call on October 28, 2013, at the Chicago trial session. On October 24, 2013, a copy of respondent's pretrial memorandum was mailed to petitioner both at the address shown in the petition and at the address that petitioner gave her during the August 5, 2013 telephone call.

Petitioner bears the burden of proof with respect to the deficiency determination for his taxable year 2008. See Rule 142(a). Respondent bears the burden of proof with respect to the fraud penalty under section 6663 for each of petitioner's taxable years 2005, 2006, 2007, and 2008, and respondent must satisfy that burden by clear and convincing evidence. See sec. 7454(a); Rule 142(b).

On the record before us, we find petitioner in default under Rule 123(a).[8] We further find on that record that the undenied admissions and the well-pleaded facts in the answer establish facts requiring a decision in respondent's favor with

---

[8]Our holding petitioner in default has the effect of admitting well-pleaded facts in the answer. See, e.g., Smith v. Commissioner, 91 T.C. 1049, 1056-1057 (1988), aff'd, 926 F.2d 1470 (6th Cir. 1991).

**[\*15]** respect to both the deficiency determination for petitioner's taxable year 2008 on which petitioner has the burden of proof and the fraud penalty under section 6663 for each of his taxable years 2005, 2006, 2007, and 2008 on which respondent has the burden of proof.

To reflect the foregoing,

An order granting respondent's motion and decision for respondent will be entered.