T.C. Memo. 2016-153

UNITED STATES TAX COURT

ALFRED B. BARRION, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7245-15.                              Filed August 15, 2016.

Alfred B. Barrion, pro se.

<u>Steven Tillem</u> and <u>Gennady Zilberman</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  With respect to petitioner's Federal income tax for 2012,

the Internal Revenue Service (IRS or respondent) determined a $52,584 deficiency

in tax and additions to tax of $1,670 and $891 under section 6651(a)(1) and (2),

[*2] respectively.[1]  Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of fact and that he is entitled to judgment as a matter of law.  Petitioner has not responded to this motion.  We will grant the motion for summary judgment and sustain respondent's determinations.

Background

The following facts are derived from the parties' pleadings and respondent's motion papers, including the affidavits and exhibits attached thereto.  Petitioner resided in New York when he filed his petition.

Petitioner did not file a Federal income tax return for 2012.  On the basis of third-party reporting, the IRS prepared a substitute for return (SFR) that met the requirements of section 6020(b).  On December 8, 2014, the IRS sent petitioner a timely notice of deficiency determining a tax deficiency and additions to tax as set forth above.

The IRS' adjustments involved unreported income.  It determined that petitioner had wage income of $204,805 on the basis of a Form W-2, Wage and Tax Statement, received from Van Eck Associates.  The IRS also determined that petitioner had interest income of $73 on the basis of two Forms 1099-INT, Interest

[1]All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all dollar amounts to the nearest dollar.

**[*3]** Income, submitted by CitiBank N.A.  Allowing petitioner the standard deduction and one personal exemption, the IRS determined for 2012 a tax deficiency of $52,854, resulting in a net tax liability of $7,423 after applying $45,431 of withholding credits shown on the Form W-2.

Petitioner timely petitioned this Court on March 16, 2015.  In his petition, he did not assign error with respect to either item of unreported income.  He instead asserted: "I had a hard drive failure and lost data.  I would like to file my own return for 2012."

On November 12, 2015, respondent served petitioner with a request for admissions, a request for production of documents, and interrogatories.  In these requests respondent asked petitioner to:  (1) admit to having received the items of unreported income listed above; (2) admit to having failed to file a return for taxable year 2012; (3) provide documentation showing any deductions, exemptions, or credits to which he believed himself entitled; and (4) provide any information tending to show that he was not liable for the late-filing and late-payment additions to tax.  Petitioner ignored all of these discovery requests.  Because he failed to respond to the request for admissions, the matters therein were deemed admitted.  See Rule 90(c).

**[\*4]**   On January 29, 2016, respondent filed motions to compel petitioner to respond to the request for production of documents and interrogatories.  These motions requested that, if petitioner failed to comply in full with any order of the Court in respect of the motions to compel, he should be precluded from:  (1) contesting the unreported income determined in the notice of deficiency; (2) claiming any deductions, exemptions, or credits for 2012 aside from the standard deduction and personal exemption allowed in the notice of deficiency; and (3) challenging the additions to tax for 2012 as determined in the notice of deficiency.

By order dated February 2, 2016, we granted respondent's motions to compel and directed petitioner, on or before March 3, 2016, to comply with respondent's discovery requests or to file with the Court specific objections thereto.  In that order, we explicitly warned petitioner that, if he "does not fully comply with the provisions of this Order, the Court will be strongly inclined to impose sanctions pursuant to Tax Court Rule 104, which may include deeming certain facts to be established for purposes of trial, or dismissal of this case and entry of a decision against petitioner."  Petitioner did not comply with our order in any respect.  He supplied no responses to respondent's discovery requests, and he filed no objections thereto.

**[*5]** Respondent filed a motion for summary judgment on March 15, 2016. In his motion respondent contends that there are no disputed issues of material fact because all relevant facts have either been deemed admitted by petitioner or should be deemed to have been admitted by him by reason of his failure to comply with the Court's February 2, 2016, order granting the motions to compel. On March 17, 2016, we ordered petitioner to respond to the motion for summary judgment by April 18, 2016. We warned him that "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a Motion for Summary Judgment." Petitioner ignored this order and has not responded to respondent's motion.

Discussion

A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the

**[\*6]** light most favorable to the nonmoving party.  Ibid.  However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial."  Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Petitioner has set forth no facts showing that there is a genuine dispute for trial.  Because he failed to respond to the motion for summary judgment, we could enter a decision against him for that reason alone.  See Rule 121(d).  We will nevertheless consider the motion on its merits.  We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

B.    Unreported Income

The IRS' determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  For this presumption to adhere in cases involving receipt of unreported income, respondent must provide some reasonable foundation connecting the taxpayer to the income-producing activity.  See, e.g., Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636; Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977); Tucker v. Commissioner, T.C. Memo. 2014-51, at \*12.  Once respondent has produced evidence linking the

[*7] taxpayer to an income-producing activity, the burden of proof shifts to the taxpayer to prove by a preponderance of the evidence that respondent's determinations are arbitrary or erroneous. Helvering v. Taylor, 293 U.S. 507, 515 (1935); Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986).

The notice of deficiency determined two adjustments involving unreported income. The IRS received a Form W-2 from Van Eck Associates reporting wages it paid to petitioner during 2012, and the IRS received two Forms 1099-INT from CitiBank N.A. reporting interest it paid to petitioner during 2012. On the basis of this credible evidence, we are satisfied that respondent provided a reasonable foundation connecting petitioner with the unreported income. The burden of proof thus shifts to petitioner to show that respondent's determinations were arbitrary or erroneous.

Petitioner has not satisfied his burden of proof. He failed to assign error in his petition to either of respondent's determinations of unreported income. Any issue not raised in the assignments of error is deemed conceded. Rule 34(b)(4). Respondent served discovery requests on petitioner asking that he admit receiving the unreported income; because he failed to respond to these discovery requests, he is deemed to have admitted receiving the unreported income. We conclude that respondent's determinations of unreported income, as set forth in the notice of

**[\*8]** deficiency, are correct, and those determinations are sustained. See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97; Powerstein v. Commissioner, T.C. Memo. 2011-271, 102 T.C.M. (CCH) 497, 506.

C.    Deductions, Exemptions, and Credits

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to any deduction. Rule 142(a). The taxpayer also bears the burden of substantiating his claimed deductions by keeping and producing records sufficient to enable the IRS to determine the correct tax liability. Sec. 6001; INDOPCO v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), (e), Income Tax Regs.

In the November 12, 2015, discovery requests, respondent requested that petitioner submit any documentation showing that he was entitled to additional deductions, exemptions, or credits. Petitioner has set forth no specific facts concerning, and he has provided no documentation to substantiate, any additional deductions, exemptions, or credits. We accordingly sustain respondent's determination that petitioner is entitled to no deductions, exemptions, or credits aside from the standard deduction and one personal exemption as allowed in the notice of deficiency.

**[*9]** D.	Additions to Tax

	1.	Section 6651(a)(1)

Section 6651 provides for an addition to tax of 5% of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file the return, not to exceed 25% in toto.  Respondent has the burden of production on this issue.  See sec. 7491(c).  Respondent served discovery requests on petitioner asking that he admit that he failed to file a Federal income tax return for 2012.  Because petitioner failed to respond to this discovery request, he is deemed to have admitted that he did not file such a return.  In view of this deemed admission, we conclude that respondent has satisfied his burden of production. See, e.g., Marshall v. Commissioner, 85 T.C. 267, 272 (1985); Colonna v. Commissioner, T.C. Memo. 2014-7, at *4; Snyder v. Commissioner, T.C. Memo. 2001-60.

In his November 12, 2015, discovery requests, respondent asked petitioner to provide any relevant information showing that he is entitled to relief from the addition to tax under section 6651(a)(1).  Petitioner failed to respond to those requests.  In his motion to compel, respondent asked that petitioner be precluded from claiming relief from the addition to tax for failure to file timely.  Petitioner did not respond to our order granting the motion to compel, and he filed no

**[\*10]** objections to respondent's requested discovery. We will accordingly sustain respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1).

2.      Section 6651(a)(2)

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to pay timely the tax shown on a return unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect. To meet his burden of production under 7491(c) with respect to the section 6651(a)(2) addition to tax, respondent must provide evidence of a tax return. Wheeler v. Commissioner, 127 T.C. 200, 208-211 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). An SFR that meets the requirements of section 6020(b) is treated as the "return" filed by the taxpayer for this purpose. See sec. 6651(g). Respondent has met his burden of production by producing a certified copy of the SFR prepared on petitioner's behalf. Cf. Gardner v. Commissioner, T.C. Memo. 2013-67, at \*23-\*24 (finding that the Commissioner did not meet his burden of production for the section 6651(a)(2) addition to tax when he introduced the taxpayer's account transcripts as evidence of the SFR). Petitioner has not paid the tax shown on that return and has not shown that his failure was "due to reasonable cause and not due to willful

**[*11]** neglect." <u>See</u> sec. 6651(a)(2). We will accordingly sustain the addition to tax for petitioner's failure to pay timely his income tax liability for 2012.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.