T.C. Memo. 2012-30

UNITED STATES TAX COURT

BURTON F. TUCKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4865-11L.                    Filed January 31, 2012.

Burton F. Tucker, pro se.

<u>Kristina L. Rico</u>, for respondent.

## MEMORANDUM OPINION

RUWE, Judge:  This matter is before the Court on respondent's motion for summary judgment (motion) pursuant to Rule 121.[1]  Respondent contends that no genuine issue exists as to any material fact and that the determination to collect petitioner's income tax liability by levy should be upheld.  We will grant respondent's motion.

### Background

At the time the petition was filed, petitioner resided in Pennsylvania.

Petitioner filed delinquent income tax returns for taxable years 2001, 2002, 2003, and 2004 (years at issue) on October 22, 2008, but failed to pay the liabilities reported on the returns.  On the basis of petitioner's delinquent returns, respondent assessed the tax shown on the returns.  Respondent made assessments or abatements of tax in order to correct numerous math errors on petitioner's tax returns.

On February 8, 2010, respondent issued petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, informing him

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended.

that respondent intended to levy to collect the unpaid tax liabilities, interest, and penalties for the years at issue. On March 5, 2010, respondent received petitioner's Form 12153, Request for a Collection Due Process Hearing. In the Form 12153, petitioner did not contest the underlying liabilities for the years at issue, nor did he propose any collection alternatives. Instead, petitioner requested that he be given "an unbiased and fair hearing" in which the "errors, mistakes and fraud on the part of the IRS" would be acknowledged. In an attachment to Form 12153, petitioner challenged the validity of the underlying assessments and claimed that respondent did not follow his procedures.

On November 8, 2010, an officer of respondent sent petitioner a letter acknowledging his timely request for a hearing and scheduling a telephone conference for December 29, 2010. The letter informed petitioner that a face-to-face hearing would be available, provided that he was in compliance and returned a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. In response, petitioner sent a letter to respondent requesting that the conference be held by correspondence, informing respondent that he intended to challenge the appropriateness of the collection action, and arguing that administrative procedures had not been met pursuant to section 6330 (c)(1) and (e)(1). On November 23, 2010, respondent sent petitioner a letter

warning him that issues he raised in his hearing request were frivolous and failure to withdraw the frivolous issues in writing within 30 days from the date of the letter could result in a $5,000 penalty under section 6702(b). The letter also rescheduled the telephone conference. In response, petitioner sent a letter to respondent withdrawing his frivolous position and stating: "I respect your information and if a frivolous position was taken or used then I was mistaken or overlooked the issue and use this letter as my withdrawal of the frivolous filing, to avoid imposition of a penalty." However, the letter further indicated that petitioner still intended to challenge the appropriateness of the collection action and argued that administrative procedures had not been met pursuant to section 6330(c)(1) and (e)(1). Petitioner failed to provide the Appeals officer with any additional information or correspondence and made no further challenges to the proposed collection action.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated January 27, 2011, determining not to grant relief under section 6330 and sustaining the levy action. On February 28, 2011, petitioner filed a petition with this Court.

## Discussion

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). A motion for summary judgment is granted where the pleadings and other materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. v. Commissioner, 115 T.C. 554, 560 (2000). Petitioner failed to file a response to respondent's motion for summary judgment, despite an order from this Court requiring that he do so. Thus, petitioner has failed to designate any specific facts in

dispute that would indicate that there is a genuine issue for trial. Therefore, we conclude that there is no issue as to any material fact and that a decision may be rendered as a matter of law.

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181 (2000). Petitioner has the burden of proof regarding his underlying tax liabilities. See Rule 142(a); Smith v. Commissioner, T.C. Memo. 2008-229. Section 6330(c)(3) contemplates consideration by an Appeals officer of "issues raised" by the taxpayer at the hearing. Thus, if an issue is never raised at the hearing, it cannot be part of the Appeals officer's determination. See Giamelli v. Commissioner, 129 T.C. 107, 112-113 (2007); see also sec. 301.6330-1(f)(2), Proced. & Admin. Regs. Petitioner made no specific arguments and presented no evidence to bring into doubt the correctness of the underlying tax liabilities as calculated by respondent. Therefore, petitioner's underlying liabilities are not at issue and we review for an abuse of discretion only the Office of Appeals' determination to uphold the levy. See Goza v. Commissioner, 114 T.C. at 181-182.

The determination of an Appeals officer must take into consideration: (1) the verification that the requirements of applicable law and administrative

procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

Petitioner failed to raise any collection alternatives to the proposed levy. In his petition, petitioner contends that "[t]he IRS has not followed their required procedures" with regard to the procedures involved in the assessment and collection of the taxes at issue. The assessments in the case before us are based solely on petitioner's self-assessed liabilities on his delinquently filed income tax returns, which he failed to pay. Petitioner's position seems to be that he "received the Form assessment records which were not signed nor certified" and that "without the assessment by the Secretary of the Treasury, no proceeding in court without assessment for the collection of such tax shall begun."

A Form 4340, Certificate of Assessments, Payments and Other Specified Matters, constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203. Davis v. Commissioner, 115 T.C. 35, 40 (2000); Carillo v. Commissioner, T.C. Memo. 2005-290. Consequently, absent a showing by the taxpayer of some irregularity in the assessment procedure that would raise a

question about the validity of the assessments, a Form 4340 reflecting that tax liabilities were assessed and remain unpaid is sufficient to support collection action under section 6330. Davis v. Commissioner, 115 T.C. at 40-41. This Court has specifically held that it is not an abuse of discretion for an Appeals officer to rely on the Form 4340 or a computer transcript of account to comply with section 6330(c)(1). Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Davis v. Commissioner, 115 T.C. at 41; Schroeder v. Commissioner, T.C. Memo. 2002-190; Mann v. Commissioner, T.C. Memo. 2002-48.

The record contains Forms 4340 for each of the taxable years at issue indicating that assessments were made and that tax liabilities remain unpaid. Petitioner has cited no particular irregularities in the assessment procedure. A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203. Roberts v. Commissioner, 118 T.C. 365, 370-371 (2002), aff'd, 329 F.3d 1224 (11th Cir. 2003). Because petitioner received Forms 4340 and failed to raise any bona fide issues related to the assessment procedure, we find that valid assessments were made and respondent did not abuse his discretion by seeking collection of the taxes assessed. See Holliday v. Commissioner, T.C. Memo. 2005-240.

The record indicates that respondent's Appeals Office considered all of petitioner's contentions, verified compliance with all applicable laws and regulations, and considered whether the proposed collection actions balanced the need for efficient tax collection with petitioner's concern that they be no more intrusive than necessary. We conclude that the Appeals Office did not abuse its discretion in sustaining the levy, and, as a result, respondent may proceed with collection action as determined in the notice of determination upon which this case is based.

To reflect the foregoing,

An appropriate order and decision will be entered.