T.C. Memo. 2014-51

UNITED STATES TAX COURT

BURTON F. TUCKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 25843-12, 25845-12.　　　　　Filed March 27, 2014.

Burton F. Tucker, pro se.

<u>Kristina L. Rico</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  The Internal Revenue Service (IRS or respondent)

determined deficiencies in petitioner's Federal income tax under section

[*2] 6211[1] and related additions to tax and penalties for tax years 1996, 1997, and 1998 as follows:

| Year | Deficiency | Penalty Sec. 6663(a) | Addition to tax Sec. 6651(a)(1) |
|------|-----------|----------------------|-------------------------------|
| 1996 | $57,476 | $43,107 | -0- |
| 1997 | 85,692 | 64,269 | -0- |
| 1998 | 116,097 | 87,073 | $5,805 |

Petitioner did not file a Federal income tax return for tax year 1999 or 2000. The IRS prepared substitutes for return for those years which met the requirements of section 6020(b) and, in a separate notice of deficiency, determined deficiencies in petitioner's Federal income tax and related additions to tax for 1999 and 2000 as follows:

| Year | Deficiency | Additions to tax Sec. 6651(f) | Sec. 6651(a)(2) | Sec. 6654 |
|------|-----------|-------------------------------|-----------------|-----------|
| 1999 | $180,255 | $130,685 | $45,064 | $2,347 |
| 2000 | 113,568 | 82,337 | 28,392 | 6,108 |

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts have been rounded to the nearest dollar.

**[*3]**   These consolidated cases are before the Court on respondent's motions for default judgments under Rule 123.  By these motions, respondent requests that we enter default judgments against petitioner for the full amounts of the deficiencies, additions to tax, and penalties that respondent determined for the five years in issue.  Petitioner has declined to participate in these cases; failed to appear for trial; failed to respond to the Court's order to show cause why the default motions should not be granted; and admitted or is deemed to have admitted all the salient facts.  We have previously held petitioner in default for similar conduct, Tucker v. Commissioner, T.C. Memo. 2012-309, and we will likewise grant the relief that respondent requests here.

## Background

The IRS sent petitioner on July 12, 2012, a timely notice of deficiency for 1996-98 and on July 19, 2012, a timely notice of deficiency for 1999-2000.  Petitioner, who resided in Pennsylvania at the time, filed petitions contesting the deficiencies, additions to tax, and penalties determined for the five years at issue.  The petitions admit that petitioner was indicted for tax evasion for the years 1998, 1999, and 2000.  The petitions allege that petitioner was told by a Government trial attorney that "there were no federal income taxes owed for the years 98, 99, and 2000."  The petitions also allege that the "statute of limitations has run since

[*4] the filing of the Notice of Deficiency" because "the three (3) years has been tolled and no income taxes are owed." We understand petitioner's argument to be that the period of limitation under section 6501 has expired and that respondent is prohibited from making assessments against him for the tax years at issue.

Respondent filed answers to both petitions on December 21, 2012, denying petitioner's allegations and making a number of "affirmative allegations," to which petitioner has failed to reply. In paragraphs 16 and 17 of his answer to the 1996-98 petition, respondent made these allegations concerning petitioner's tax scheme and fraudulent intent:

> During the taxable years 1996, 1997, and 1998, petitioner was self-employed as a dentist.

> Respondent has determined petitioner's correct Schedule C - gross receipts from his dentistry practice for taxable years 1996, 1997, and 1998 [are] as follows:

| Taxable Year | Per Return | Per Petitioner's General Ledger |
|---|---|---|
| 1996 | $37,148 | $312,613 |
| 1997 | 647 | 380,157 |
| 1998 | -0- | 423,045 |

> For tax years prior to 1996, petitioner reported income from his dental practice on Forms Schedule C filed with petitioner's timely filed federal income tax returns.

**[\*5]**   In 1996, petitioner transferred his dental practice to the Zubov & Associates Trust, a trust over which he exercised complete control. Thereafter, petitioner did not report dental practice income on timely filed individual income tax returns and Zubov & Associates did not file income tax returns.

Petitioner was the defendant in the criminal case of United States of America v. Burton F. Tucker, Crim. No. 05-0114 (M.D. Pa.).  The indictment filed in that case on March 22, 2005, charged petitioner with three counts of evading income taxes in violation of I.R.C. § 7201 for the years 1998, 1999, and 2000. * * *

Petitioner entered a plea of guilty to Count II [tax evasion for tax year 1999 under section 7201] of the indictment on July 6, 2005.

One reason that petitioner transferred his dental practice to the Zubov & Associates trust, deposited income from his dental practice into the Zubov & Associates bank account, and transferred money offshore was to conceal from respondent that he had additional taxable income.

Petitioner's fraudulent omission of his Schedule C - gross receipts on his tax returns is part of a nine-year pattern of intent to evade taxes.

Petitioner filed his 1996 income tax return on April 15, 1997, his 1997 income tax return on April 15, 1998, and his 1998 income tax return on May 10, 1999.

The income tax due from petitioner for the years 1996, 1997, and 1998 may be assessed * * * because petitioner filed false or fraudulent income tax returns for said years with intent to evade tax.

[*6]   In paragraphs 15, 16, and 17 of his answer to the 1999-2000 petition, respondent made these additional affirmative allegations, to which petitioner has failed to reply:

> Respondent has diligently searched respondent's records and has determined that no Federal income tax return for the above years [1999 and 2000] was filed by petitioner.
>
> During the years 1999 and 2000, petitioner received the following gross receipts from his dentistry practice:

| Year | Gross receipts |
|------|----------------|
| 1999 | $429,617 |
| 2000 | 485,317 |

> Petitioner timely filed federal income tax returns prior to 1999, and was aware of his obligation to timely file correct federal income tax returns for the years 1999 and 2000.

Petitioner was indicted in March 2005 on three counts of tax evasion and in July 2005 pleaded guilty to tax evasion for 1999.  The indictment alleged the following facts:

> (a)  On or about February 12, 1996 and continuing through taxable years 1998, 1999 and 2000, BURTON F. TUCKER concealed and attempted to conceal from all proper officers of the United States of America his true and correct income by falsely claiming that his income was earned by a trust entitled "Zubov & Associates" which was actually controlled by BURTON F. TUCKER;
>
> (b)  During the taxable years 1998, 1999 and 2000, BURTON F. TUCKER concealed and attempted to conceal from all proper officers

**[\*7]** of the United States of America his true and correct income by wiring hundreds of thousands of dollars to offshore accounts;

(c) From on or about July 1999 and continuing thereafter until the date of this Indictment BURTON F. TUCKER has sent numerous pieces of correspondence to the Internal Revenue Service and elsewhere in which he repeatedly refused to comply with Internal Revenue Service laws or to pay any federal tax.

Since filing his petitions in October 2012 petitioner has had no communication with this Court and minimal, if any, communication with respondent. The pretrial order for these cases, issued in May 2013, informed the parties that they should "begin discussing settlement and/or preparation of a stipulation of facts as soon as practicable" and ordered that "all facts shall be stipulated (agreed upon in writing) to the maximum extent possible." The order informed the parties that "[i]f a complete stipulation of facts is not ready for submission at the start of the trial * * *, and if the Court determines that this is due to lack of cooperation by either party, the Court may order sanctions against the uncooperative party." The order informed petitioner of his obligation to file a pretrial memorandum with the Court and to exchange with respondent, at least 14 days before trial, any non-stipulated documents that he expected to use at trial. The parties were warned that "[t]he Court may impose appropriate sanctions, including dismissal, for any unexcused failure to comply with this Order."

**[*8]** The Court concurrently notified petitioner that these cases were set for trial in Philadelphia on October 21, 2013. This notice stated: "[T]he calendar for that Session will be called at that date and time, and the parties are expected to be present and to be prepared to try the case. Your failure to appear may result in dismissal of the case and entry of decision against you."

By letter dated June 21, 2013, respondent invited petitioner to a conference at respondent's office in Philadelphia. The purpose of this meeting was to discuss the cases, exchange relevant information, and begin to prepare the cases for trial. Petitioner did not appear at this conference, scheduled for July 2, 2013, and he did not communicate with respondent's counsel with a view to rescheduling the meeting or otherwise.

On August 1, 2013, respondent served on petitioner requests for production of documents, requests for admissions, and a set of interrogatories. The requests for admissions advised petitioner that "pursuant to Tax Court Rules 90(c) and 90(f), each matter in the foregoing requests will be deemed admitted, and conclusively established for purposes of this case, unless you serve a written answer or an objection to these requests within 30 days after the date these requests for admission were served on you."

**[*9]** The requests for admissions asked petitioner to admit the facts that respondent had affirmatively alleged in his answers, as described above. Petitioner did not respond to the requests for admissions or to any of respondent's other discovery requests. As a result, all matters as to which respondent requested an admission, including the facts alleged in the March 2005 indictment, are deemed admitted under Rule 90(c).

On September 5, 2013, respondent moved, pursuant to Rule 91(f), for an order to show cause why specified facts and evidence should not be accepted as established for purposes of trial in these cases. The next day, the Court ordered petitioner to file, on or before September 26, 2013, a response showing why this motion should not be granted. The order warned petitioner that "[i]f no response is filed, or if the response is evasive or not fairly directed to the proposed stipulation or portion thereof, that matter or portion will be deemed stipulated for purposes of this case." Petitioner failed to respond to the Court's order.

On September 6, 2013, respondent moved to compel responses to his interrogatories and requests for production of documents. On September 9, 2013, the Court ordered petitioner to comply with these requests on or before September 24, 2013. This order warned: "In the event petitioner does not fully comply with the provisions of this order, the Court will be strongly inclined to impose sanctions

**[*10]** pursuant to Tax Court Rule 104, which may include deeming certain facts to be established for purposes of trial, or dismissal of this case and entry of a decision against petitioner."

Petitioner did not provide any documents or interrogatory responses follow-ing receipt of this order. On October 1, 2013, respondent moved for the imposi-tion of sanctions in both cases. The Court granted the motions for sanctions, ruling that petitioner would be foreclosed from offering into evidence at trial "any facts which petitioner should have made available in response to respondent's in-terrogatories" and any documents that he should have made available in response to respondent's request for production of documents.

These cases were called from the calendar at the Court's trial session in Philadelphia, Pennsylvania, on October 21, 2013. No appearance was made by or on behalf of petitioner. Counsel for respondent appeared and filed motions for default judgments in both cases. The Court subsequently ordered petitioner to respond, by January 7, 2014, to respondent's motions. Petitioner did not respond to that order and has not otherwise communicated with the Court.

By order dated January 31, 2014, these cases were consolidated for pur-poses of opinion on the Court's own motion. By order of the same date, the Court made absolute its order to show cause dated September 6, 2013, ruling that "the

**[\*11]** facts and evidence set forth in respondent's proposed stipulation of facts are deemed to be established for the purposes of this case."

Discussion

Under Rule 123(a), the Court may hold a party in default if he or she "has failed to plead or otherwise proceed as provided by these Rules or as required by the Court." Rule 123(b) gives us even broader discretion to dismiss a case "[f]or failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient." We have construed Rule 123 liberally to permit default or dismissal consistent with our sound discretion and the interests of justice. See Stringer v. Commissioner, 84 T.C. 693, 706 (1985), aff'd without published opinion, 789 F.2d 917 (4th Cir. 1986). We have invoked this Rule where a taxpayer: (1) failed to stipulate, Long v. Commissioner, 742 F.2d 1141 (8th Cir. 1984); (2) failed to comply with Court-ordered discovery, Rechtzigel v. Commissioner, 79 T.C. 132 (1982), aff'd per curiam, 703 F.2d 1063 (8th Cir. 1983); or (3) failed to appear at trial, Ritchie v. Commissioner, 72 T.C. 126 (1979).

Petitioner has failed to do all of these things and has also demonstrated his refusal to participate in these proceedings in numerous other ways. As we have previously stated: "If a taxpayer does not think well enough of his case to defend

**[\*12]** it where the Government has the burden of proof, this Court should default him.  To hold a trial in a case abandoned by the taxpayer is at best an indulgence of archaic manners and at worst an insult to the taxpayers who have a rightful claim on this Court's time." Smith v. Commissioner, 91 T.C. 1049, 1057 (1988) (citing Bosurgi v. Commissioner, 87 T.C. 1403, 1408 (1986)), aff'd, 926 F.2d 1470 (6th Cir. 1991).

Respondent bears some degree of burden concerning each issue in these cases.  With respect to petitioner's unreported income, respondent has the burden to provide some predicate evidence connecting petitioner to the charged activity. See, e.g., De Cavalcante v. Commissioner, 620 F.2d 23 (3d Cir. 1980), aff'g T.C. Memo. 1978-432.  With respect to the additions to tax, respondent bears the burden of production.  See sec. 7491(c).  With respect to fraud penalties under section 6663, respondent bears the burden of proof by clear and convincing evidence.  See sec. 7454(a); Rule 142(b); Reedy v. Commissioner, T.C. Memo. 2008-100 (same burden for additions to tax under section 6651(f)).  However, respondent may satisfy each of these burdens by relying on petitioner's deemed admissions and on the stipulation of facts that have been deemed established by virtue of petitioner's repeated failure to provide discovery.  See Rule 90(c); Nis Family Trust v. Commissioner, 115 T.C. 523, 528 (2000).

**[\*13]** On the record before us, it is clear that petitioner "has failed to plead or otherwise proceed" within the meaning of Rule 123(a). He has failed to communicate with the Court, having filed no document since his petitions. He has ignored numerous Court orders, including orders to show cause why the instant motions for default judgment should not be granted. He has failed to cooperate with respondent in stipulating facts or preparing for trial and has repeatedly failed to provide discovery. And he failed to appear for trial, of which he was given more than sufficient advance notice.

After careful review of the entire record, we further conclude that the deemed admissions, the stipulation of facts that have been deemed established, and the affirmative allegations in respondent's answers to which petitioner failed to reply, collectively satisfy respondent's burden of production and/or burden of proof as to every issue in these cases.[2] The Court will therefore grant respondent's motions for default judgment and enter decisions against petitioner with respect to

---

[2]There is no merit to petitioner's contention, apparently advanced in his petition, that the statute of limitations bars assessment of the amounts at issue. We have found that petitioner filed fraudulent returns with the intent to evade tax for 1996, 1997, and 1998 and that he filed no Federal income tax return for 1999 or 2000. Thus, the tax for each of the five years may be assessed "at any time." See sec. 6501(c)(2) and (3).

**[\*14]** all deficiencies, additions to tax, and penalties determined in the notices of deficiency.[3]

To reflect the foregoing,

An order granting respondent's motions and decisions for respondent will be entered.

---

[3]The entry of a default judgment under Rule 123(a) has the effect of deeming admitted all of respondent's factual allegations set forth in the answer. See Smith, 91 T.C. at 1059; Rechtzigel, 79 T.C. at 142; cf. Fifer v. Commissioner, T.C. Memo. 1993-44. In these cases, all of the affirmative factual allegations in respondent's answers have independently been deemed admitted by virtue of petitioner's failure to provide discovery and the stipulation of facts deemed to have been established.