T.C. Memo. 2014-77

UNITED STATES TAX COURT

WENDY K. ANDERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 16009-10, 4365-11.          Filed May 5, 2014.

Wendy K. Anderson, pro se.

<u>Alicia H. Eyler</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  These consolidated cases are before the Court on

respondent's motions for default judgment under Rule 123.[1]  We must decide

_____

[1]Rule references are to the Tax Court Rules of Practice and Procedure, and
section references are to the Internal Revenue Code in effect for the years at issue,

(continued...)

[*2] whether we should hold petitioner in default where she has universally ignored the Court's orders and Rules. We hold petitioner in default. We also must decide whether respondent correctly determined deficiencies and additions to tax for purposes of the decisions to be entered on account of petitioner's default. We hold that he did.

## Background

Petitioner resided in Washington State when she filed the petitions.

Petitioner failed to file Federal tax returns for 2000 through 2008 (years at issue). Respondent prepared and filed for petitioner substitutes for returns for the years at issue. Respondent then issued to petitioner deficiency notices determining deficiencies and additions to tax for each of the years at issue.

Petitioner timely filed petitions. Petitioner requested St. Paul, Minnesota as the place of trial. Respondent filed answers to the petitions with affirmative allegations supporting the determinations in the deficiency notices.

Respondent then initiated discovery pursuant to the Rules. Respondent mailed petitioner <u>Branerton</u> letters.[2] Petitioner refused to participate in the

---

[1](...continued)
unless otherwise indicated.

[2]This Court has adopted a liberal informal discovery process. <u>See</u> <u>Branerton</u>
(continued...)

[*3] Branerton conference. Respondent later mailed petitioner a proposed stipulation of facts and requested that petitioner respond. Petitioner did not respond.

Meanwhile, respondent filed a motion to change the place of trial from St. Paul to Seattle, Washington. Petitioner filed with the Court an objection to that motion. Petitioner, however, ignored the Court's attempt to schedule a conference call to address the motion. The Court set the motion for hearing in St. Paul, and petitioner failed to appear for the hearing. The Court granted the motion.

Respondent sent another Branerton letter to petitioner along with a copy of the proposed stipulation of facts for her review. Petitioner declined to participate in a telephone conference and failed to respond to the proposed stipulation of facts. Respondent notified petitioner that he intended to file a motion for order to show cause (OSC) why proposed facts should not be accepted as established. Petitioner did not respond.

---

²(...continued)
Corp. v. Commissioner, 61 T.C. 691 (1974). A so-called Branerton letter initiates this process. The Branerton letter is usually sent by the IRS Chief Counsel attorney to the taxpayer requesting an introductory meeting to discuss the factual background of the case. The Branerton letter may also request answers to various questions and request production of documents.

**[*4]**   Respondent filed and served on petitioner a request for admissions. Respondent informed petitioner that each matter would be deemed admitted if petitioner failed to respond.  Again, petitioner never  responded.

Respondent then filed and served, as he had previously indicated to petitioner, the OSCs why proposed facts should not be accepted as established. The Court granted the motions and when petitioner again failed to respond, made absolute the OSCs.

Respondent then notified petitioner he intended to file the motions for default judgment.  Petitioner did not appear at the Seattle, Washington trial session.  Respondent filed the motions for default judgment.  Petitioner has not responded to the motions.

## Discussion

We now consider whether to grant respondent's motions for default judgment where petitioner has failed to comply with the Court's orders and Rules. See Rule 123.  We turn now to the standard by which a party can be held in default.

The Court may hold a party in default if he or she fails to plead or otherwise proceed as provided by our Rules or as required by the Court.  Rule 123(a).  We have construed Rule 123 to permit default or dismissal consistent with our sound

**[*5]** discretion and the interests of justice.  See Stringer v. Commissioner, 84 T.C. 693, 706 (1985), aff'd without published opinion, 789 F.2d 917 (4th Cir. 1986). We have invoked this Rule where a taxpayer has failed to stipulate undisputed facts, comply with Court-ordered discovery or appear at trial.  See Tucker v. Commissioner, T.C. Memo. 2014-51.

Petitioner has consistently demonstrated her refusal to participate in these proceedings.  Petitioner twice ignored Branerton requests.  Petitioner never responded to respondent's request for admissions or his OSCs to have the proposed stipulation of facts deemed admitted.  Finally, petitioner failed to stipulate, exchange documents two weeks in advance and appear at the trial.  We hold petitioner in default under Rule 123.

Petitioner had the burden of proof with respect to the deficiencies.  See Rule 142(a).[3]  Petitioner did not carry her burden and thus is liable with respect to the deficiencies for the years at issue.

Respondent also determined additions to tax for failure to pay tax shown and for fraudulent failure to file tax returns.  See secs. 6651(a)(2), (f), 6654.

---

[3]Respondent bears the burden to provide some predicate evidence connecting petitioner to the charged activity to establish petitioner's unreported income.  See Tucker v. Commissioner, T.C. Memo 2014-51.  Respondent has satisfied his burden which is also buttressed by petitioner's deemed admissions.

**[\*6]** Respondent bears the burden of production with respect to the additions to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Respondent bears the burden of proof by clear and convincing evidence. See sec. 7454(a); Rule 142(b); Reedy v. Commissioner, T.C. Memo. 2008-100. Respondent may satisfy these burdens of production and proof by relying on petitioner's deemed admissions and on the stipulated facts that have been deemed established by virtue of petitioner's failure to cooperate with respondent and provide necessary documents. See Rules 90(c), 91(f); Smith v. Commisioner, 91 T.C. 1049, 1055-1057 (1988), aff'd 926 F.2d 1470 (6th Cir. 1991); Tucker v. Commissioner, T.C. Memo. 2014-51.

A taxpayer generally has an obligation to pay estimated income tax for a particular year only if the taxpayer has a required annual payment for that year. Sec. 6654(d). The required annual payment is equal to the lesser of (1) 90% of the tax shown on the individual's return for that year (or if no return is filed, 90% of the tax for such year) or (2) 100% of the tax shown on the return if the taxpayer filed a return for the immediately preceding tax year.[4] Sec. 6654(d)(1)(B);

---

[4]The Commissioner has the burden of introducing evidence showing whether a taxpayer filed a return for the preceding tax year, and, if so, the amount of tax shown on that return. See sec. 6654(d)(1)(B)(ii); Wheeler v. Commissioner, 127 T.C. 200, 212 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

**[\*7]** <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 210-211 (2006), <u>aff'd</u>, 521 F.3d 1289 (10th Cir. 2008).

Petitioner failed to file an individual Federal income tax return for any of the years at issue. Respondent indicated that petitioner's returns[5] and all other exhibits were attached to the motions for default judgment.[6] The record does not, however, include a copy of petitioner's Federal income tax return for 1999. Nonetheless, respondent prepared and filed substitutes for returns for the years at issue. Thus, respondent has carried his burden of producing evidence that petitioner had a required annual payment for tax years 2000 through 2008.[7] We therefore sustain respondent's determination for the estimated tax addition for petitioner's Federal income tax returns for tax years 2001 through 2008 and will order a Rule 155 calculation for tax year 2000. Petitioner had a required annual payment for the years at issue but did not make any estimated tax payments. Petitioner failed to present any evidence to contradict respondent's determinations,

---

[5]For years prior to the years at issue.

[6]In the motions for default judgment, respondent references petitioner's Federal income tax return for 1999 return as included in "Exhibit B." There are however, no exhibits attached to the motions for default judgment.

[7]The amount of the addition to tax for tax year 2000 must be calculated on the basis of the tax year 2000 substitute for return. <u>See</u> sec. 6654(d)(1)(B)(i).

**[*8]** and none of the statutory exceptions under section 6654(e) applies. Petitioner is therefore liable for the estimated tax addition under section 6654(a) for each of the years at issue.

We conclude that the deemed admissions and the stipulation of facts that have been deemed established by petitioner's failure to reply satisfy respondent's burdens as to the issues in these cases. The Court will therefore grant respondent's motions for default judgment and enter decisions against petitioner with respect to all deficiencies and the additions to tax except for the section 6654 addition to tax for tax year 2000 which must be calculated under Rule 155.

To reflect the foregoing,

Appropriate orders and decisions will be entered.