T.C. Summary Opinion 2017-70

UNITED STATES TAX COURT

RACHELLE EDANNA MICHAELS AND DAVID C. MICHAELS, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24865-15S.              Filed August 29, 2017.

Rachelle Edanna Michaels, pro se.

<u>J. Rob Gordon</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $1,152 in petitioners' Federal income tax for 2013.

After concessions,[2] and without regard to adjustments that are mechanical, the issue for decision is whether petitioner Rachelle Edanna Michaels received and failed to report wages of $5,655 from Monte B. Wells D.D.S., PLLC, for 2013.

## Background

Some of the facts have been stipulated, and they are so found.  The Court incorporates by reference the parties' stipulation of facts and accompanying exhibits.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended and in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts have been rounded to the nearest dollar.

[2] Petitioner Rachelle Edanna Michaels concedes that she received taxable nonemployee compensation of $670 from Tara R. Hodges D.D.S., PLLC, that was not reported on petitioners' 2013 joint Federal income tax return and that she is liable for self-employment tax of $95.  Consistent with petitioner's concession of self-employment tax, respondent allowed in the notice of deficiency a self-employment tax deduction of $48.  See sec. 164(f)(1).

Rachelle Edanna Michaels (petitioner) and David C. Michaels (Mr. Michaels) (collectively, petitioners), resided in the State of Arizona at the time that the petition was filed with the Court.[3]

Petitioner and Mr. Michaels both worked during the year in issue. In particular, petitioner worked for various dental practices. From August 15 through September 19, 2013, she was employed by Monte B. Wells D.D.S., PLLC (Dr. Wells' Dental Practice), as a dental hygienist and earned wages.

Generally, petitioner began her workday at Dr. Wells' Dental Practice by entering both the date and time on her employee timesheet and subsequently did the same when she ended her workday. Any changes to petitioner's timesheet were recorded by the office manager, Tracy Martinez (Ms. Martinez), and after Ms. Martinez was no longer employed by Dr. Wells' Dental Practice, any changes were made by another employee, identified in the record only as Nancy and/or the job title "Temp Front Office".

Each week a timesheet report was generated that, as relevant, stated the dates and hours petitioner worked for the week. Every Monday petitioner's

---

[3] Mr. Michaels did not appear at trial and did not sign the stipulation of facts. Accordingly, the case will be dismissed as to him for lack of prosecution. See Rule 123. However, entry of the order of dismissal as to Mr. Michaels will be deferred so that the decision to be entered with respect to him will be consistent with the decision to be entered with respect to petitioner.

weekly timesheet report was submitted to Dr. Wells' wife, Jill Wells, who entered into QuickBooks the hours that petitioner had worked the preceding week. The data in QuickBooks was used to generate petitioner's periodic paychecks as well as her Form W-2, Wage and Tax Statement, for 2013.

In 2013 petitioner and/or Mr. Michaels maintained a checking account with BBVA Compass Bank (checking account). Deposits into the checking account for the months of August through October included both "branch deposits" and transfers from another BBVA Compass account[4] as well as electronic deposits from Mr. Michaels' employer.

Dr. Wells' Dental Practice reported to the Internal Revenue Service (IRS) for 2013 that it: (1) paid petitioner "Wages, Tips, and Other Compensation" of $5,655; (2) withheld Federal income tax of $164; and (3) withheld Social Security and Medicare taxes (collectively referred to as Federal Insurance Contributions Act (FICA) tax) of $432. Dr. Wells' Dental Practice also issued a Form W-2 to petitioner for that year.

---

[4] At trial petitioner testified that these transfers represented payments on an equity line of credit. However, the bank statements denominate these transfers as deposits or credits to petitioners' checking account and not as withdrawals or debits from petitioners' checking account.

Petitioners timely filed a joint Federal income tax return for 2013. As relevant, the joint return did not report wages of $5,655 (or any other amount) and did not claim withheld Federal income tax of $164 (or any other amount) attributable to petitioner's employment with Dr. Wells' dental practice.

In June 2015 respondent sent petitioners a notice of deficiency. In the notice of deficiency and, as relevant, respondent determined that petitioners failed to report $5,655 in wages received from Dr. Wells' Dental Practice and that they are entitled to an additional withholding credit of $164.

In response to the notice of deficiency petitioners filed a timely petition for redetermination with the Court.

## Discussion

In general, the Commissioner's determination in a notice of deficiency is presumed to be correct, and the taxpayer bears the burden to show otherwise. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). For this presumption to adhere in cases involving receipt of unreported income, the Commissioner must provide some reasonable foundation connecting the taxpayer with the income-producing

activity.[5]  See Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979),

rev'g 67 T.C. 672 (1977); see also Blohm v. Commissioner, 994 F.2d 1542, 1549

(11th Cir. 1993), aff'g T.C. Memo. 1991-636; Tucker v. Commissioner, T.C.

Memo. 2014-51.  Once the Commissioner makes the necessary evidentiary

showing, the taxpayer bears the burden of proving that the notice of deficiency is

arbitrary or erroneous.  See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir.

1999), aff'g T.C. Memo. 1997-97.

Petitioner stipulated, and candidly testified at trial, that she was employed

by Dr. Wells' Dental Practice in 2013 and that she received wages in exchange for

her services.  In addition, respondent introduced into evidence a "Wage and

Income Transcript" showing that respondent had received reporting from Dr.

Wells' Dental Practice that it paid petitioner wages of $5,655 in 2013 and

withheld Federal income tax of $164 as well as FICA tax of $432.  Under these

circumstances respondent has established the requisite connection between

petitioner and the unreported wage income.  See id. at 1005 (evidentiary

---

[5] As previously mentioned, pursuant to sec. 7463(b) the decision in this case is not reviewable by any other court.  But for that section any appeal would lie to the U.S. Court of Appeals for the Ninth Circuit.  See sec. 7482(b)(1)(A).  Nevertheless, even in cases subject to sec. 7463(b) this Court generally applies the law in a manner consistent with the holdings of the Court of Appeals to which an appeal of its decision would otherwise lie.  See Golsen v. Commissioner, 54 T.C. 742 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971).

foundation requirement satisfied when the taxpayer's employer reported the taxpayer's income to the Commissioner). Petitioner therefore bears the burden of proving that the notice of deficiency is erroneous.

Petitioner contends that she received wages of $3,030 from Dr. Wells' Dental Practice during 2013 and not the amount that it reported to the IRS, i.e., $5,655. In an effort to support her contention, petitioner introduced into evidence checking account statements from BBVA Compass Bank and pointed to various "branch deposits" as evidence that she had received only $3,030 from Dr. Wells' Dental Practice. However, her checking account statements for the relevant period show various other "branch deposits" in addition to those she identified as relating to her wages from Dr. Wells' Dental Practice. Because the checking account statements do not provide any detail as to the nature or source of the "branch deposits", the Court is unable to find that only those deposits that petitioner identified represent all of her paychecks from Dr. Wells' Dental Practice. Furthermore, petitioner failed to take into account that each paycheck was for the net amount after withholding for Federal income tax, State income tax, and FICA tax, as well as possible other payroll deductions and/or allotments. Nor does petitioner's argument take into account the possibility of a net deposit (cash back from a deposit), i.e., check deposit less cash withdrawn = net deposit. Finally,

petitioner's argument fails to take into account the likelihood of another bank account, as the transfers (i.e., deposits or credits to the BBVA checking account) suggest.  See supra note 4.

Petitioner also contends that the number of hours shown on her weekly timecard reports is incorrect and that she worked fewer hours than reflected thereon.  She further contends that she performed certain administrative duties for Dr. Well's Dental Practice for which her hourly rate of pay was nearly 70% less than what she was paid when working as a dental hygienist.  However, other than her own testimony, petitioner has not offered any documentary or other evidence to support these contentions, and the law is clear that the Court is "not required to accept the self-serving testimony of * * * [the taxpayer] * * * as gospel."  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  Furthermore, Jill Wells, who was the paymaster for Dr. Wells' Dental Practice, testified that petitioner was paid a flat rate for all of her services and that dental hygienists were paid "$40 [per hour] and up * * * depending on experience".  The Court found Mrs. Wells to be a credible witness.  See Diaz v. Commissioner, 58 T.C. 560, 564 (1972) (stating that distilling truth from the testimony of witnesses, whose demeanor we observe and whose credibility we evaluate, is "the daily grist of judicial life"); Kropp v. Commissioner, T.C. Memo. 2000-148, slip op. at 8 ("As a trier of fact, it is our

duty to listen to the testimony, observe the demeanor of the witnesses, weigh the evidence, and determine what we believe.").  In short, petitioner has failed to prove that respondent's determination is erroneous.  See Rule 142(a).  The Court therefore holds that the amount of petitioner's wage income that was determined by respondent, i.e., $5,655, is includable in petitioners' gross income.

To reflect our disposition of the disputed issue, as well as petitioner's concessions, see supra note 2,

An order of dismissal for lack of prosecution as to petitioner David C. Michaels and decision for respondent will be entered.